## Perry's Administrator v. Louisville & Nashville Railroad Company.

(Decided April 20, 1923.)

### Appeal from Warren Circuit Court.

1. Action—Plaintiff Cannot Split His Action.—Plaintiff in an action of tort cannot divide his cause into different parts and maintain separate actions thereon.

2. Judgment—After Recovering in One Action Plaintiff Cannot Bring Another for Same Injuries.—Where an injured person has brought an action to recover damages for her injuries and has recovered judgment which has been satisfied by defendant, she cannot thereafter maintain another action based upon the same transaction, though it developed that her injuries were much more serious than she at first supposed.

3. Death—Administrator's Action Barred by Recovery of Damages by Decedent.—An administrator has no greater or broader powers than his decedent would have had in her lifetime, and therefore cannot maintain an action for the death of his intestate resulting from an injury, where she had recovered a judgment for such injuries before her death which had been satisfied.

4. Death—Administrator has No Cause of Action if Deceased Had None.—The personal representative acts for and on behalf of and in the stead of a deceased person only, and, if the deceased would have had no cause of action had she lived, none would pass to administrator to recover damages for her death.

5. Death—Administrator's Action Barred by Former Recovery Though Proceeds of Action go to Surviving Husband and Child of Deceased.—The fact that the proceeds of an administrator's action to recover for the death of his intestate, who had recovered for her injuries before her death, would be distributed to the husband and child, who might have maintained an action for injury directly resulting to them from the death, does not permit the administrator to maintain the action.

GAINES & GARDNER and CHARLES DRAKE for appellant.

BENJAMIN D. WARFIELD and RODES & HARLIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

While Mrs. Flaurida Perry was crossing the tracks of the appellee, Louisville and Nashville Railroad Company, in the city of Bowling Green, she sustained an injury through the negligence of the employes of the said company. On October 8, 1920, she instituted an action in the

Warren circuit court against said railroad company to recover damages for said injuries in the sum of $20,-000.00. This case was prosecuted to judgment, she being awarded $1,000.00, which was paid by the railroad company. In September, 1921, something more than one year after her injury, Mrs. Perry died survived by her husband, Ross Perry, and an infant child. After her death her husband qualified as her administrator and instituted the present action to recover $20,000.00 damages for the total destruction of the power of Mrs. Perry to earn money based upon the same facts as the original action in which Mrs. Perry was plaintiff and recovered judgment in the sum of $1,000.00 against the same defendant.

The railroad company demurred to the petition and, without waiving the demurrer, filed answer in three paragraphs. In addition to a traverse the answer contained a plea of *res judicata* based upon the action by Mrs. Perry against the railroad company for the same injuries, all of the facts concerning action being set forth with particularity, including copies of the petition, amended petition, answer and reply in the first suit. The last paragraph of the answer was a plea of contributory negligence. By reply the administrator of Mrs. Perry admitted that Mrs. Perry during her life and on October 8, 1920, brought suit in the Warren circuit court against the defendant railroad company to recover for personal injuries which she alleged she received on account of the defendant's negligence at the same time and place now relied on, and did not deny that the said injuries were the same which he is now alleging brought about her death, but denied that the first suit was to recover for the same alleged injuries set out in the petition, and denied that the first action constituted a bar to the plaintiff's right of recovery in this action. A general demurrer was filed to said reply and sustained by the court, and upon the administrator declining to further plead, the action was dismissed and this appeal results.

The question is, may the administrator of one who, during her life, instituted and prosecuted to judgment an action in tort for injuries sustained by her through the negligence of another, and which judgment has been satisfied, maintain an action for recovery of damages for the death of such person later resulting from the same

injuries, either under the common law or under the Constitution, section 241, and section 6 of our statutes?

The administrator as appellant here insists that an action may be maintained and a recovery had for the same injuries to the same person, growing out of the same negligence, if the recovery be for the use and benefit of some one other than the plaintiff who instituted and prosecuted the original action and obtained the recovery therein. The appellee railroad company denies the administrator's right to a recovery in this second suit.

No principle is better settled in our law than that a plaintiff in an action of tort cannot divide his cause into different parts and maintain separate actions thereon. Lewis's Admr. v. Taylor Coal Co. of Ky., 112 Ky. 845; L. & N. R. R. Co. v. Strange, Admr., 156 Ky. 439; Louisville Ry. Co. v. Raymond's Admr., 135 Ky. 738; Hackett's Admr. v. Louisville, &c., R. Co., 95 Ky. 236.

The decedent, Mrs. Perry, lived something more than a year after her injury. Shortly after the accident she instituted an action against the railroad company in her own name to recover a judgment upon the same facts now relied upon for recovery, alleging she had sustained a permanent injury and that her earning power had been greatly reduced if not absolutely destroyed. It must be conceded that Mrs. Perry at that time had the sole right to institute and prosecute an action for her injuries. Before filing such an action she had the power, had she wanted to exercise it, to have compromised her claim with the railroad company and have fully and finally settled and determined the whole controversy even without a suit, and have bound herself, heirs and representatives by such compromise. When she instituted her action, as she had a right to do, she assumed to exercise for herself all her rights to assert claim for damages for the negligence of the railroad company resulting in her injury. Had she desired to do so she could not have separated her causes into two or more parts and maintained more than one action for the alleged negligence and injury. She was obliged to present her entire claim against the railroad in a single action. Having done so, she could not have had another action against the railroad company thereafter upon the same facts, even though it had developed that she was much more seriously injured than she thought at the time of the institution of her first action, and at the time of the trial of that action.

Had she at first conceived her injuries to be slight and under such impression had instituted an action for $500.00 and recovered the same, but immediately thereafter unexpectedly became a hopeless invalid as a result of her original injuries, it would not be contended by anyone learned in the law that she could have instituted a new and different action against the railroad company and have had another recovery for the hurt endured in excess of that which she at first realized she had suffered.   This being true her administrator, who has no greater or broader powers with respect to her rights than had she, is in no better position to maintain such an action than was Mrs. Perry, and cannot therefore have an action to recover the death of his intestate, even though it be alleged and proven that the injury was more serious than thought at the time of the institution and trial of the first action, and that she left surviving her a husband and infant child.   The personal representative acts for, on behalf of and in the stead of the deceased person only.   If the deceased would have had no cause of action had she lived, none could pass to the administrator.   As Mrs. Perry could not have maintained a second action upon the same facts had she later discovered that her injuries were of much more serious nature than that for which she had sued in her first action, it follows that her administrator who through her death discovered that her injuries were much more serious than she anticipated, or were discovered and compensated for by the jury in its verdict, can not maintain such action.

This is not an action by the husband for loss of consortium, but only such an action as the administrator is authorized to maintain for the wrongful death of his intestate, and the mere fact that after the recovery is had, if any, the proceeds are to be distributed to the husband and infant child, does not change the situation.

For the reasons indicated we are of opinion that the trial court properly sustained the demurrer to the reply, which did not state facts sufficient to constitute a defense to the answer, and upon the plaintiff declining to further plead, committed no error in dismissing his case.

Judgment affirmed.