MAX PRICE, Appellant, v. NATIONAL SURETY COMPANY, Respondent.

First Department, June 3, 1927.

Insurance — taxicab liability insurance — policy under Highway Law, § 282-b, insured owner of taxicab against "injury to persons or property caused in the operation * * * of such motor vehicle "— plaintiff's daughter was injured through negligence of insured — plaintiff sues for medical expenses and loss of services of daughter — plaintiff has not suffered "injury to persons or property."

This is an action to recover on a taxicab liability insurance policy issued by the defendant to the owner of a taxicab. The plaintiff, whose daughter was injured by the taxicab insured, cannot recover for medical expenses and loss of services, since the policy was issued under section 282-b of the Highway Law against "injury to persons or property caused in the operation * * * of such motor vehicle," and the plaintiff has not suffered such an injury.

The plaintiff has not suffered an injury to property as defined by section 25-a of the General Construction Law. While the plaintiff has suffered personal injuries within the meaning of section 37-a of the General Construction Law, he has not suffered injury to property within the meaning of that term as used in section 282-b of the Highway Law. The term "injury to persons" refers to a direct bodily damage to the person or persons directly affected or inflicted by the casualty, i. e., a bodily injury.

PROSKAUER, J., dissents, with opinion.

APPEAL by the plaintiff, Max Price, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of November, 1926, denying plaintiff's motion for an order striking out defendant's answer and granting summary judgment under rule 113 of the Rules of Civil Practice.

*Charles Solomon* of counsel [*Louis P. Goldberg* and *Joseph G. Josephson* with him on the brief; *Goldberg & Solomon,* attorneys], for the appellant.

*John C. MacCarthy,* for the respondent.

McAVOY, J. This order denied the motion of plaintiff to strike out defendant's answer and give summary judgment for the plaintiff.

The action is upon a bond given by defendant, under which it agreed to pay any judgment not in excess of $2,500 which might be recovered against one David Schoenfeld, who was the principal named in the bond, for death or injury to persons or property caused in the operation or because of defective construction of the motor vehicles referred to therein. This bond was given in pursuance of an enactment by the Legislature known as section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd. by Laws of 1924, chaps. 360, 413, and Laws of 1925, chap. 315),

and was designed to cover damages that might result from accidents to persons or property in the operation of certain motor vehicles.

Plaintiff's daughter, Sarah, was injured by coming into contact with Schoenfeld's cab, and thereafter on the 12th of March, 1926, she recovered a judgment of $663.10 for her personal injuries, which judgment was paid. Plaintiff in this action at the same time recovered a judgment against Schoenfeld in the sum of $1,122.85 for medical expenses which resulted from the injuries to his daughter and for necessary treatment and cure. This judgment likewise included a recovery for loss of services which resulted from the injuries to the daughter. This action was brought on the bond for the amount of the judgment recovered for such medical expenses and loss of services.

The contention of the defendant is that this bond obligates the defendant under the terms of section 282-b of the Highway Law to pay only a judgment which might be recovered against its principal for death or for injury to persons or property caused in the operation or by the defective construction of a motor vehicle, and that the judgment recovered by the plaintiff for medical expenses and loss of services does not fall within the description of the nature of the obligation undertaken by the bond given under section 282-b of the Highway Law. This precise question has been decided in the Second Department in a Special Term decision by Mr. Justice CARSWELL (*Goodier* v. *National Surety Co.*, 125 Misc. 65), in which he reaches the conclusion that by reason of the statutory terms used in the act, the intent of the Legislature is to be deduced as giving the right of action on such bond only for injuries directly occurring to one's person and for injuries directly occurring to property as a result of contact through the accident complained of, and that the statute and the bond provided thereunder do not include the consequential damages to another. The phrase used is " injury to persons or property caused in the operation * * * of such motor vehicle." Obviously if this claim for loss of services and expenses incurred is to be included within the phrase (injury to property), it must be by reason of the injury to property resulting to the parent in being required to part with moneys for the medical care and treatment of the infant and the property loss which occurs to him through the fact that she became incapable of rendering service to him, or to another for wages to which he would be entitled during her infancy. The injury to property, however, has a statutory definition under General Construction Law, section 25-a (as added by Laws of 1920, chap. 917). It is there defined to be " an actionable act, whereby the estate of another is lessened, *other than a personal injury*, or the breach

of a contract." Doubtless this act which is complained of did lessen his estate, and his claim would come within this section except for the phrase " other than a personal injury," which, because of the judicial history of that term, must be deemed to exclude his cause of action. In a number of cases in actions by a husband for loss of services of a wife, which cannot differ in essence from the loss of services to a father through injury to his child, it was decided that an action by a husband for the loss of his wife's services because of personal injuries to her through the negligence of a defendant, was an action for *personal injuries* to the husband. That rule was laid down after an examination of the history of the definition of the term " personal injury," as it had been used in statutes and in the Code of Civil Procedure, and as it is now used in the General Construction Law, section 37-a (as added by Laws of 1920, chap. 917). This definition came about through the use in a prior statute of the term " personal injury " where it was defined as an " actionable injury to the person of the plaintiff, or his or her wife, husband, child or servant." This definition was contained in the Laws of 1876 (Chap. 449, § 2, subd. 8) and the phrase " personal injury " resulting from negligence is, therefore, not to be limited to an injury to the body of a plaintiff. Thus the fact that the damage to another, such as a wife, husband, child or servant, may lessen the estate of a parent, husband or master, does not have the effect of changing the cause of action from one for personal injury to one for injury to property. Plaintiff's cause of action under these rules is one for personal injury and is thus excluded from the definition of injury to property by reason of the use of these terms which has been followed for many years in statute and decision. The nature of plaintiff's cause of action is likewise excluded from the term " injury to persons " under section 282-b of the Highway Law, although it is a personal injury. The term " injury to the person " or " injury to persons " refers to a direct bodily damage to the person or persons directly affected or inflicted by the casualty, *i. e.*, a bodily injury. Such terms do not include an injury to another in loss as a consequence of such bodily injury. Thus neither the words " injury to persons " nor " injury to property " include the plaintiff's claim. It is pointed out by Mr. Justice CARSWELL in his opinion (*Goodier* v. *National Surety Co., supra*) that there is some confirmation of this interpretation of the legislative intent in a subsequently re-enacted statute amending this law (Laws of 1924, chap. 413), which provides that the policy or bond may limit the liability of the surety on any one judgment to $2,500 for *bodily injuries* or death, and $500 for damage to or destruction of property, thus indicating that the nature

of the injuries which the bonds or insurance policies were to cover were and are those resulting from the direct effect of the operation, etc., of the vehicle.

The order should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., MERRELL and FINCH, JJ., concur; PROSKAUER, J., dissents.

PROSKAUER, J. (dissenting). Plaintiff's infant daughter was injured through the negligent operation of an automobile controlled by one Schoenfeld, who was engaged in the business of transporting passengers for hire in this vehicle. He has recovered a judgment against Schoenfeld for the loss of services of his daughter and the medical expenses incident to her treatment. Execution has been returned unsatisfied. Upon this judgment he sues the defendant as the obligor under an indemnity bond given pursuant to section 282-b of the Highway Law. The condition of the bond in accordance with the requirement of said section is for the payment of any judgment recovered " for death or for injury to persons or property caused in the operation \* \* \* of such motor vehicle."

On this appeal from the order denying plaintiff's motion for summary judgment the sole question is whether a cause of action for loss of services of an infant child and medical expenses for her cure is embraced within the provisions of section 282-b of the Highway Law and the bond given pursuant thereto. The case of *Goodier* v. *National Surety Co.* (125 Misc. 65) is authority for the defendant's contention that this cause of action is not so included. I cannot, however, adopt the reasoning of that opinion. The condition of the bond is for the payment of a judgment for injury to persons. It is not restricted to injury to the person of the plaintiff himself. The cause of action for loss of services is traditionally and conventionally regarded as a personal injury action.

It has been held in *Gorlitzer* v. *Wolffberg* (208 N. Y. 475) that such an action is for personal injury and does abate on death. The Code of Civil Procedure (§ 3343, subd. 9) then provided that a personal injury included " actionable injury to the person either of the plaintiff, or of another."

In *Riddle* v. *MacFadden* (201 N. Y. 215) an action for damages for unlawful use of plaintiff's portrait was classified as an action for personal injury, WILLARD BARTLETT, J., writing: " Independently of this statutory definition it is well settled that an injury to the person within the meaning of the law does not necessarily involve the element of personal contact with the person complaining of the injury."

First Department, June, 1927.    [Vol. 221

In the *Goodier* case the distinction is made between the phrase " injury to persons " and " personal injury " on the ground that section 37-a of the General Construction Law enforces such a differentiation. That section enacts, so far as here material, however, only that the phrase "' Personal injury' includes    *    *    *    injury to the person either of the plaintiff, or of another." There is no statutory definition of the phrase " injury to persons." It seems to me an over-subtle refinement to make this sharp differentiation between the two phrases and to draw the inference of a legislative intent, contrary to the conventional meaning of the language employed, from the circumstance that the very phrase of section 37-a of the General Construction Law was not used. In any event the definitions of the General Construction Law, by section 110 thereof, are made inapplicable where a contrary inference is required by the general object of the statute or the context of the language construed.

The loss of service action is so common a complement to an infant's action for personal injury occasioned by·negligence, that a legislative intent to give the words " for injury to *persons* " their plain and literal meaning should be inferred. An intent to restrict the application of the statute to an injury on the person of the plaintiff himself could well have been evidenced by appropriate language. If the Legislature had employed the phrase " injury to the person," the argument of the respondent would be stronger. The judgment here sued upon is based upon an " injury to persons."

For these reasons I think the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for summary judgment should be granted, with ten dollars costs.

Order affirmed, with ten dollars costs and disbursements.