Louis H. Levitt and Ida Levitt, his wife, v. Simco Sales Service of Penna., Inc., a corporation of the Commonwealth of Pennsylvania, and Clyde Cookenmaster, Jr.

558

(*November* 14, 1957.)

CAREY, J., sitting.

*H. Albert Young* and *Bruce M. Stargatt* for plaintiffs.

*William H. Bennethum* (of Morford and Bennethum) for defendant Simco.

Superior Court for New Castle County, No. 606, Civil Action, 1956.

CAREY, J.:

The substantive, and principal, question for decision is whether an action for personal injuries, loss of consortium and medical expenses is barred by a judgment rendered in a separate suit involving the same parties for property damage resulting from one and the same collision.

Mr. Levitt, accompanied by his wife, was driving his car in Delaware when it collided with a truck driven by Cookenmaster and owned by Simco. Levitt's car was covered by a $50-deductible collision insurance policy under which he received an amount equal to his repair bill less $50. The policy contained the usual subrogation clause.

In the Municipal Court of Philadelphia, Pennsylvania, Simco sued Mr. Levitt for the damage to its truck. His affidavit asserts that his insurance carrier, in his name but through its own attorney, not only defended that suit but filed a counterclaim for the damage to his car. An exemplified copy of the Pennsylvania proceedings has been filed here. It contains no mention whatever of the insurance company. According to the record, the answer and counterclaim were sworn to by Levitt personally. The case was tried by a jury upon the merits, the issues submitted being the negligences of the two drivers and the agency of Cookenmaster. There was a verdict and judgment in favor of Levitt upon Simco's complaint, and in favor of Simco upon Levitt's counterclaim. These judgments were later satisfied by direction of counsel for both parties.

Simco contends that the Pennsylvania decision is *res judicata* as to Mr. Levitt's claim here because the rule against splitting a cause of action bars separate suits for property damage and personal injuries, they being merely different items of damage resulting from the same tort. It further contends that, even if they are determined to be separate causes of action, the rule of collateral estoppel bars Mr. Levitt's present action. Levitt, on the other hand, contends (1) that the claims for property damage and personal injuries are separate causes of action; and (2) that collateral estoppel does not apply because the cause of action sued upon in Pennsylvania was in fact owned and prosecuted by the insurance company rather than by himself.

Contrary to the English rule announced by a divided Court in *Brunsden v. Humphrey, LR 14 QB Div.* 141, the majority of Courts in this country have held that damage to the person and property of a man resulting from the same tort constitutes a single indivisible cause of action. A few Courts have taken the opposite point of view, for various reasons. Some of them have recognized the majority rule, but have created an exception in cases of subrogation under insurance policies, because of the hardship which may arise from strict application of the basic rule. See *Travelers Indemnity Co. v. Moore*, 304 *Ky.*

456, 201 *S. W.* 2d 7. The cases are collected in 140 *A. L. R.* 1241 and 166 *A. L. R.* 870. Most of them are cited and discussed in *Mills v. DeWees, W. Va.,* 93 *S. E.* 2d 484. No reported Delaware opinion has ruled upon the precise question. It was said, however, in *Ierardi v. Farmers' Trust Co.,* 4 *W. W. Harr.* 246, 151 *A.* 822, that the wrongful act of the negligent person is single and indivisible and can give rise to but one liability. That language bespeaks agreement with the majority, rather than the minority rule, in that it places the emphasis upon the tortious act rather than upon the type of injuries resulting therefrom.

The reasoning which leads to both majority and minority rule has been so thoroughly set forth in several cases that there is no need to repeat it here. Cases like *Vasu v. Kohlers, Inc.,* 145 *Ohio St.* 321, 6 *N. E.* 2d 707; *Travelers Indemnity Co. v Moore, supra; Mills v. DeWees, supra; Hayward v. State Farm Mutual Auto Ins. Co.,* 212 *Minn.* 500, 4 *N. W.* 2d 316, 140 *A. L. R.* 1236; *Dearden v. Hey,* 304 *Mass.* 659, 24 *N. W.* 2d 644, 127 *A. L. R.* 1077; and *Moultroup v. Gorham,* 113 *Vt.* 317, 34 *A.* 2d 96, are a few of the many opinions which have fully discussed the theories underlying both views.[1] I shall only say that the majority rule appears to me as being the more logical in theory.

The argument is frequently advanced that practical considerations require relaxation of that rule in cases like the present; otherwise, it is said, injustice may result to the insured or to the insurer, depending upon which of them gets into Court first. As to this argument, several things may be said. In the first place, it may be assumed that the supposed likelihood of injustice has not actually proven to be very significant, else we should expect to find statutes ameliorating that injustice in at least some of those states where the Courts have followed the

---

[1] It is interesting to note that Pennsylvania, where the earlier action between these parties was tried, has long followed the majority rule. See *Saber v. Supplee-Wills-Jones Milk Co.,* 181 *Pa. Super.* 167, 124 *A.* 2d 620 and *Simodejka v. Williams,* 360 *Pa.* 332, 62 *A.* 2d 17. That fact is only of incidental interest, however, since the controlling law seems to be that of the State where the injury occurred. *Tuttle v. Everhot Heater Co.,* 264 *Mich.* 60, 249 *N. W.* 467.

majority rule. In the second place, the minority rule may well work a hardship upon a litigant by compelling him to defend himself twice, simply because his opponent had insurance covering part of his loss. In the third place, the primary reason for the rule against allowing a litigant to retry issues already decided, towit, public policy, is certainly as impressive today as it was when *Coca Cola Co. v. Pepsi Cola Co.*, 6 *W. W. Harr.* 124, 172 *A.* 260, was determined; our crowded Court calendars suggest the desirability of continuing, rather than relaxing, the policy of forbidding two suits where one will suffice.

In my opinion, therefore, both theoretical and practical reasons require acceptance of the majority view; moreover, that view appears to be more in harmony with the language of our reported cases. Simco's motion for summary judgment as against Mr. Levitt will accordingly be granted.

Attached to Simco's answers to certain interrogatories is an affidavit denying agency of Cookenmaster. No such affidavit was filed with the answer, pursuant to Superior Court Rules, rule 8(dd), *Del. C. Ann.*, and Title 10 *Delaware Code*, Section 3916. The method used by defendant in introducing this affidavit into the record cannot be approved, because it amounts in effect to an amendment made without first obtaining the Court's permission in accordance with Rule 15(a). This is not a mere technical objection, for defendant's right to file the affidavit at this time is conditioned upon the showing required by Rule 6. Plaintiff's motion to strike the affidavit will be granted for that reason.

Plaintiff has also moved to strike those parts of the answers to interrogatories which state that Cookenmaster and other drivers like him were independent contractors. Plaintiff argues that this constitutes simply defendant's contention or opinion which was not requested by the interrogatories. She feels that those answers may come to the jury's attention and in some way react to her prejudice. Without determining whether defendant's characterization of its relationship with Cooken-

master constitutes a statement of ultimate fact, a contention or an opinion, I see no reason to strike it out at this stage of the game. If it be inadmissible under the rules of evidence, the trial Court will rule accordingly and will thus prevent the only harm which plaintiff foresees. See 4 *Moore's Fed. Practice* (2d Ed.) Section 33.29. This part of plaintiff's motion will be denied.