RALPH J. WARNER

*v.*

HARMAN HEDRICK

(No. 12131)

Submitted April 24, 1962.          Decided July 6, 1962.

*Ralph J. Bean, John M. Hamilton, William McCoy, Sr.,* for appellant.

*George I. Sponaugle,* for appellee.

CAPLAN, JUDGE:

In this action of trespass on the case, instituted in the Circuit Court of Pendleton County, the plaintiff, Ralph J. Warner, seeks to recover damages from the defendant, Harman Hedrick, for loss of consortium and expenses incurred by reason of personal injuries sustained by his wife, Nellie Warner, as a result of an automobile collision alleged to have been caused by the negligence of the defendant.

On February 15, 1958, at approximately 4:30 in the afternoon, the plaintiff, accompanied by his wife and four children, was driving his 1953 Ford tudor sedan in a southerly direction on State Route No. 28 toward the community of Cherry Grove in Pendleton County. According to his testimony, it had been snowing all day and four to five inches of snow had accumulated on the highway. Snow plows, however, had cleared the right or west lane of the road, but snow remained on the left or east lane. The plaintiff was following an automobile which he later learned was being operated by Dennis Arbogast. At a point approximately two miles south of Circleville the plaintiff saw a Ford truck approaching from the opposite direction and noticed that it was traveling in the left lane or the cleared portion of the road on which he and Arbogast were legally driving. The Ford truck continued its approach in the left lane and crowded the Arbogast vehicle off the road into a ditch. In a like manner the plaintiff's vehicle was forced off the road by the Ford truck. Although the plaintiff attempted to avoid the Arbogast car, he was unable to do so. In the collision which resulted the plaintiff's wife was thrown off the back seat of the car and sustained certain injuries.

264

There was some conflict in the evidence as to the identity of the driver of the Ford truck who caused the collision. However, this was a question of fact which was decided by the jury and requires no further consideration here.

Subsequently, the plaintiff instituted an action in the sum of $300.00 against the defendant in a justice of the peace court for damages to his automobile and, on July 5, 1958, was awarded a judgment in that amount. The defendant appealed that judgment to the Circuit Court of Pendleton County. Upon the failure of either of the parties to prosecute the appeal, the circuit court, on December 2, 1960, pursuant to the provisions of Chapter 50, Article 15, Section 10, Code, 1931, as amended, entered judgment for $300.00. This sum was immediately paid by the defendant in full satisfaction of said judgment.

While the appeal from the justice judgment was pending in the circuit court, the plaintiff instituted this action of trespass on the case. In his declaration the plaintiff sets forth the manner in which the collision occurred, which is substantially as described above. He charges the defendant with the obligation to perform certain duties and the failure thereof, resulting in acts of negligence by the defendant; that such negligence was the cause of certain personal injuries sustained by the plaintiff's wife; that the injuries were severe and permanent; that as a result of those injuries his wife will in the future be required to undergo extensive medical care, which will necessitate the expenditure of large sums of money by the plaintiff; that by reason of the painful and permanent nature of the injuries his wife will not in the future be able to perform her usual duties as a housewife and will not be able to render to her family the services and attention which she usually bestows upon them; that the plaintiff, by reason of these injuries, has been deprived of her consortium and service; that, since his wife has no independent income, it is his legal obligation to pay for all expenses past and future which have been and will be incurred by reason of the injuries inflicted upon her; and that by reason of the foregoing allegations and charges a cause of action has accrued to him in the amount of $7,500.00.

The defendant filed a plea of res adjudicata to the plaintiff's declaration. The plaintiff's demurrer to that plea was sustained and the case was tried by a jury.

On May 17, 1961, the jury returned a verdict in favor of the plaintiff for $4,250.00, whereupon the defendant made a motion to set aside the verdict and grant him a new trial. By order entered on June 19, 1961, the circuit court overruled that motion and entered judgment on the verdict. Upon the petition of the defendant this Court, on September 25, 1961, granted this writ of error and supersedeas.

The principal and controlling question in this appeal is the validity of the defendant's first assignment of error, namely, that the circuit court erred in sustaining the plaintiff's demurrer to the defendant's plea of res adjudicata. It is the opinion of the Court that the assignment of error is valid and that the judgment of the Circuit Court of Pendleton County must, therefore, be reversed.

As above noted, subsequent to the collision the plaintiff instituted an action in a justice court for damages to his automobile. He obtained judgment in the amount of his suit and payment in full satisfaction thereof. Prior to the entry of that judgment the plaintiff instituted the instant action of trespass on the case in the Circuit Court of Pendleton County. The defendant's plea of res adjudicata to the plaintiff's declaration squarely presents the question at issue: Does the plaintiff, in the circumstances of this case, have a single cause of action encompassing the property damage and the damages sought here, or do the resulting types of damages give rise to separate causes of action?

The Courts in a substantial majority of jurisdictions consistently have held that a single wrongful act causing damage to the property and injury to the person of one individual gives rise to only one cause of action against the wrongdoer. *Mills* v. *DeWees*, 141 W. Va. 782, 93 S. E. 2d 484, 62 A.L.R. 2d 965; *Larzo* v. *Swift*, 129 W. Va. 436, 40 S. E. 2d 811; *In Re: Estate of Amanda Nicholas*, 144 W. Va. 116, 107 S. E. 2d 53; *Kidd* v. *Hillman*, 14 Cal. App. 2d 507, 58 P. 2d 662; *Dearden* v. *Hey*, 304 Mass. 659, 24 N. E. 2d 644, 127 A.L.R. 1077; *Levitt* v. *Simco Sales Service, Inc.*, 50 Del. 557, 135 A.

2d 910; *Fisher* v. *Hill*, 368 Pa. 53, 81 A. 2d 860; *Floyd* v. *Fruit Industries, Inc.*, 144 Conn. 659, 136 A. 2d 918, 63 A.L.R. 2d 1378; *Mims* v. *Reid* (Fla.), 98 So. 2d 498; *Farmers Ins. Exchange* v. *Arlt* (N. D.), 61 N. W. 2d 429; *Globe & Rutgers Fire Ins. Co.* v. *Cleveland*, 162 Tenn. 83, 34 S. W. 2d 1059; *Rush* v. *Maple Heights*, 167 Ohio St. 221, 147 N. E. 2d 599; 1 Am. Jur. 2d, Actions, Section 144 et seq.

In the recent case of *Mills* v. *DeWees*, 141 W. Va. 782, 93 S. E. 2d 484, 62 A.L.R. 2d 965, this Court, citing and quoting from numerous authorities, adopted the above majority view. This cogent language is found in Point 1 of the syllabus of that case: "* * * damages resulting from a single tort suffered by one person, consisting partly of property damages and partly personal injury damages, are the subject of only one action against a tort-feasor."

The plaintiff undertakes to distinguish this case from *Mills* v. *DeWees* on the facts. He points out that in the *Mills* case the plaintiff suffered personal injuries of a physical nature and incurred loss by reason of damage to his own automobile, both of which were caused by the negligent act of the defendant. In the instant case the plaintiff says that the damage was to his automobile but that the injuries were to Nellie Warner, his wife. By reason of this difference in the factual situation, he concludes that the application of the doctrine of res adjudicata is proper in *Mills* v. *DeWees* but improper in this case.

Viewing all these circumstances together, we find ourselves unable to conclude that the difference in the facts, as stated above, compels a conclusion other than that arrived at in the *Mills* case. Rather, we find that the doctrine of res adjudicata does apply in the case before us. The plaintiff seeks recovery for injuries to himself personally, not for the personal injuries suffered by his wife. Her cause of action has already been adjudicated. Personal damages are not confined to those of a physical nature but may consist of monetary outlay or other loss. The plaintiff's injury in this case consists of expenses for medical care for his wife, which he is legally obligated to pay, and the loss of her consortium. Each of these elements of damages is per-

sonal to the plaintiff and can accrue to no one else. These, together with the damage to his automobile, were the result of a single wrongful act of the defendant and must be claimed and recovered in one action. In accordance with the majority view regarding the rule against splitting a cause of action, only one cause of action exists in this case. The property damage and the personal injury for which recovery is sought are merely separate items of damages.

In support of the proposition that the losses, recovery for which is sought in this case, constitute personal injuries to the plaintiff, see *Price* v. *National Surety Co.*, 222 N.Y.S. 437, 221 App. Div. 56, wherein the Court said: "* * * an action by a husband for the loss of his wife's services, because of personal injuries to her through the negligence of a defendant, was an action for *personal injuries* to the husband". See also *Gaouette* v. *Aetna Life Ins. Co.*, 2 N.Y.S. 2d 497, 253 App. Div. 338; *Nuzzi* v. *United States Casualty Co.*, 121 N.J.L. 249, 1 A. 2d 890; *New Amsterdam Casualty Co.* v. *Hart*, 153 Fla. 840, 16 So. 2d 118, 150 A.L.R. 1150. In an action by a husband for loss of consortium and expenses resulting from injuries to his wife, he is entitled to damages in the amount necessary to compensate him for injuries resulting to him. 27 Am. Jur., Husband and Wife, Section 511; *Furnish* v. *Missouri P. R. Co.*, 102 Mo. 669, 15 S. W. 315.

A further refinement of the general rule is succinctly stated in 1 Am. Jur. 2d, Actions, Section 146, as follows: "Whether a single wrongful act causing different injuries, or *injuries to different rights,* gives rise to more than one cause of action, depends upon whether a cause of action is considered to be the act *causing the injury* or the *injury inflicted.* If the cause of action is considered to be the wrongful act, then all of the damages sustained thereby, whether to person or property, are properly sought in one suit and a plaintiff is bound by his former recovery for a part, and cannot maintain a second action for an item which he saw fit to omit. Generally speaking, there can be but one action, *regardless of how many injuries are inflicted or rights violated.* A recovery will bar another action involving the same tort, although the damages demanded in each action

are for a different injury." (Emphasis supplied). See also *Fisher* v. *Hill*, 368 Pa. 53, 81 A. 2d 860; *Floyd* v. *Fruit Industries, Inc.*, 144 Conn. 659, 136 A. 2d 918, 63 A.L.R. 2d 1378; *Underwood* v. *Dooley*, 197 N. C. 100, 147 S. E. 686, 64 A.L.R. 656; *White* v. *Pacific Tel. and Tel. Co.*, 168 Or. 371, 123 P. 2d 193; *Georgia Railway and Power Co.* v. *Endsley*, 167 Ga. 439, 145 S. E. 851, 62 A.L.R. 256; *Perry* v. *Louisville and N. R. Co.*, 199 Ky. 396, 251 S. W. 202, 39 A.L.R. 560.

This well established single cause of action rule is supported by logic and is well founded in reason. It accurately manifests the principle that a cause of action inheres in the causative aspect of a breach of legal duty, the wrongful act itself, and not in the various forms of injury which flow therefrom. *Mills* v. *DeWees*, 141 W. Va. 782, 93 S. E. 2d 484, 62 A.L.R. 2d 965; *Larzo* v. *Swift*, 129 W. Va. 436, 40 S. E. 2d 811: *Thalman* v. *Schultze*, 111 W. Va. 64, 160 S. E. 303; *Georgia Railway & Power Co.* v. *Endsley*, 167 Ga. 439, 145 S. E. 851, 62 A.L.R. 256, approved in 39 Ga. App. 152, 146 S. E. 352; *Fields* v. *Philadelphia Rapid Transit Co.*, 273 Pa. 282, 117 A. 59. It is authoritatively said, and we agree, that the existence of only one cause of action benefits both plaintiff and defendant. It frees the plaintiff of delay and burdensome expense and relieves the defendant of the injustice of being subjected to more than one suit for a single tort. Furthermore, the rule is in harmony with public policy and the tendency toward simplicity and directness in the determination of controversial rights and the elimination of multiplicity of suits. *Levitt* v. *Simco Sales Service*, 50 Del. 557, 135 A. 2d 910; *Rush* v. *Maple Heights*, 167 Ohio St. 221, 147 N. E. 2d 599; *Bolinger* v. *Williams* (La. App.), 134 So. 356; Annotation, 62 A.L.R. 2d 977;

The plaintiff contends that the institution of this action, in the circumstances of this case, does not constitute the splitting of a cause of action. If we endorse that contention we of necessity must adopt the minority rule. We disagree with the plaintiff's contention and we continue to adhere to the majority rule to which this Court is committed.

A plaintiff should not be permitted to seek relief on a piecemeal basis, thereby compelling a defendant to defend

himself twice or more for the commission of one wrongful act. This, as has been argued, does not impose a hardship on the injured party. He is entitled to his day in court. He must, however, at that time include all of the elements of damages which he claims are due him as a result of the tortious act.

As stated above, this Court, in *Mills* v. *DeWees*, 141 W. Va. 782, 93 S. E. 2d 484, 62 A.L.R. 2d 965, in a thorough and well reasoned opinion, adopted the majority view. That opinion, we believe, is sound and we find no reason to depart therefrom.

In view of the Court's decision regarding the defendant's plea of res adjudicata, it is unnecessary to consider other errors assigned by the defendant.

For the reasons stated, the judgment of the Circuit Court of Pendleton County is reversed, the verdict is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

> *Reversed; verdict set aside; remanded.*