PIERCE TOLER

*v.*

J. A. SHELTON

(No. 13188)

Submitted January 30, 1973.      Decided April 9, 1974.

*D. Grove Moler* for appellant.

No appearance for appellee.

HADEN, JUSTICE:

This is an appeal from a final order of the Circuit Court of McDowell County which denied Pierce Toler's *Rule* 60 (b), West Virginia Rules of Civil Procedures motion to vacate a judgment of dismissal with prejudice entered against him upon a plea of *res judicata*. At issue is whether the trial court abused its discretion in refusing to vacate the order dismissing the action.

As a result of an automobile accident of August 7, 1968, Pierce Toler and his wife Pansy, suffered personal injuries and property damage allegedly caused by the negligence of Shelton, an uninsured motorist. Subsequently, the Tolers employed attorney West to prosecute their claims. They instituted two civil actions against Shelton, the appellee herein.

Although the allegations of negligence were identical in both complaints, the damage claims were separated. In the case before this Court on appeal, "Pierce Toler v. J. A. Shelton, Civil Action 4924," the *ad damnum* clause sought ten thousand dollars for personal injuries, pain and suffering, loss of wages, the plaintiff's medical expenses, and a total loss of his automobile. In the second case which is not before this Court, "Pansy Toler and Pierce Toler v. J. A. Shelton, Civil Action 4925," the *ad damnum* clause sought a recovery of one thousand dollars for Pansy Toler's personal injuries, her pain and suffering, Pierce Toler's payment of Pansy Toler's medical expenses, and Pierce Toler's loss of his wife's consortium. Shelton filed timely answers asserting defenses to the civil actions.

At the request of the plaintiffs, both cases were called for trial on February 24, 1969. Neither case was tried on that date because, according to the appellant, a pretrial agreement was reached in which Shelton, the uninsured motorist, agreed to the entry of a consent judgment against him, in Civil Action No. 4925 for the amount of one thousand dollars in consideration of the Tolers' acquiescence to the restoration of his driving privileges. The purported plan to satisfy the judgment was that Shelton would pay one hundred dollars in cash to the Tolers, and, upon entry of the judgment order, the Department of Motor Vehicles, Safety Responsibility Division, would release Shelton's nine hundred dollar security deposit, required in absence of insurance coverage, to the Tolers. Further, according to the appellant, Shelton also agreed that the mechanics of settlement would leave open for additional litigation the civil action involved in this appeal, so that Pierce Toler could assert his remaining damage claims. Then, in the event of subsequent judgment against Shelton, Toler could pursue satisfaction against his own insurer according to an uninsured motorist endorsement contained in his automobile liability insurance policy.

Although the foregoing agreement was allegedly made on the aborted trial date, it was not acted upon by the parties until July of 1969 when appellant's counsel took action which would have placed both cases again on the trial calendar of the circuit court. On August 1, 1969, a final judgment order, prepared by Shelton's counsel, was entered in favor of the Tolers and against Shelton in the amount of one thousand dollars in Civil Action No. 4925. Although the appellant's counsel claimed no notice of the entry of the order, a copy of the judgment order as entered was transmitted to him several days later by Shelton's counsel. Significantly, that order omitted any reservation of right to proceed against the defendant Shelton in the instant case, and contained no reference to the alleged compromise of the previous February.

Then on August 16, 1969, unbeknownst to Toler or his counsel, the defendant through counsel, lodged a plea of *res judicata* in the court file in the instant action. However, three days later, Shelton's counsel notified West by mail that the plea had been filed and also transmitted to him a payment of one hundred dollars from Shelton to be applied *pro tanto* to the judgment. West subsequently sent the judgment order to the Financial Responsibility Division of the Department of Motor Vehicles, claiming and obtaining for his client the nine hundred dollars deposited previously by Shelton.

No further action was taken on the plea of *res judicata* until February 16, 1970, when the Circuit Court of McDowell County dismissed the remaining civil action against Shelton, with prejudice, upon the plea. The action taken by the court was apparently unknown to Marshall G. West or, if known, was overlooked by him.

Sometime later, after discharging West and receiving a release from him, Pierce Toler secured the services of his present counsel, D. Grove Moler, to go forward with the prosecution of his "remaining" claim against Shelton. Unaware of the previous occurrences resulting in the dismissal of the case, Toler's new counsel, on June 8,

1970, requested that the Circuit Clerk of McDowell County place the Toler case on the trial docket for the August term of 1970. The clerk immediately responded to Moler that the case had been dismissed.

In September 1970, Moler moved pursuant to *Rule* 60 (b), W.Va. R.C.P. that the order of dismissal in Civil Action No. 4924 be vacated; that the action be reinstated for hearing and trial; and that the court permit plaintiff to serve State Farm Mutual Insurance Company, Toler's uninsured motorist carrier, with copies of the pleadings in the case.

His motion, supported by the affidavits of Toler and his former attorney, Marshall West, assigned grounds as follows: (1) that the purported reservation of right to proceed with the second action was inadvertently omitted in the dismissal order resolving the first action, and that, by reason of all the other facts and circumstances attendant to the case, the plea of *res judicata* and the sustaining action of the court represented a judgment entered by mistake, surprise, inadvertence and excusable neglect of counsel; (2) that the substantive rule prohibiting the splitting of causes of action, normally justifying a subsequent plea of *res judicata,* was inapplicable when the defendant has waived the benefit of the rule and the defendant should have been estopped to make the plea; and (3) that Toler had and has a meritorious claim for personal injuries and property damage, and that nothing had occurred since the entry of the judgment of dismissal which would prejudice the defendant in any manner.

On the record, the defendant did not resist the appellant's motion; he did not file a reply pleading or counter-affidavits. On March 29, 1971, after hearing arguments by appellant's counsel, and after considering the motion with its attached affidavits and exhibits, the trial court overruled and denied the appellant's 60 (b) motion.

Two errors are assigned on this appeal. First, the appellant says that the trial court erroneously dismissed the civil action upon the defendant's plea of *res judicata.* Second, he asserts that the court erroneously overruled and denied appellant's post-judgment motion to vacate the order of dismissal.

This Court lacks jurisdiction to consider a direct appeal of the final judgment entered in this case. That judgment was entered on the 16th day of February, 1970, more than eight months prior to the filing of a proper petition for appeal in this Court. Unlike the effect of timely motions made pursuant to *Rules* 50 (b), 52 (b) and 59 of the Rules of Civil Procedure, a motion made pursuant to *Rule* 60 does not toll the running of the appeal time of eight months provided by West Virginia Code, Chapter 58, Article 5, Section 4, as amended. *Rule* 60 (b) explicitly states, "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." *Rule* 72 recognizes the few exceptions which toll the passage of time allowable to perfect an appeal. A motion made pursuant to *Rule* 60 does not fall within the exceptions. LUGAR & SILVERSTEIN, *W.Va. Rules* p. 474 (1960). *Rule* 72 has been twice applied by this Court. See, e.g., *Mooney v. Barton,* 155 W.Va. 329, 184 S.E.2d 322 (1971); *Sothen v. Continental Assurance Company,* 147 W.Va. 458, 128 S.E.2d 458 (1962). In the *Sothen* case, the Court, speaking through Justice Caplan, expressly held in syllabus point 2:

> "Under the Rules of Civil Procedure, Rule 72, the full time for filing a petition for appeal commences to run and is to be computed from the entry of the judgment order, unless some timely motion is made under the rules referred to in Rule 72 which would suspend the commencement of the appeal period." *Id.,* at page 459 of the West Virginia Report.

Consequently, the first assignment of error cannot be considered by this Court, and an appeal based upon that assignment alone would have resulted in this Court dismissing it as improvidently awarded.

The second error assigned is seasonable. An order denying a motion under *Rule* 60 (b) is final and appealable. *Welden v. Grace Line, Inc.,* 404 F.2d 76 (2d Cir. 1968) ; *Bruton v. Shank,* 349 F.2d 630 (8th Cir. 1965) ; *Woodham v. American Cystoscope Co. of Pelham, New York,* 335 F.2d 551 (5th Cir. 1964) ; *Bros Inc. v. W. E. Grace Mfg. Co.,* 320 F.2d 594, 601 (5th Cir. 1963) ; *Russell v. Cunningham,* 279 F.2d 797, 802 (9th Cir. 1960) ; *Weilbacher v. J. H. Winchester & Co.,* 197 F.2d 303 (2d Cir. 1952) ; *Greenspahn v. Joseph E. Seagram & Sons,* 186 F.2d 616 (2d Cir. 1951) .

An appeal of the denial of a *Rule* 60 (b) motion, however, brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order. *Hines v. Seaboard Air Line Railroad Co.,* 341 F.2d 229, 231 (2d Cir. 1965) ; *Wagner v. United States,* 316 F.2d 871 (2d Cir. 1963) ; *Smith v. Stone,* 308 F.2d 15 (9th Cir. 1962) ; *Saenz v. Kenedy,* 178 F.2d 417 (5th Cir. 1949) ; *Meyer v. Meyer,* 209 Kan. 31, 495 P.2d 942 (1972) . Accordingly, the function of the appellate court is limited to deciding whether the judge abused his discretion in ruling that sufficient grounds for disturbing the *finality* of the judgment were not shown in a timely manner. *Brennan v. Midwestern United Life Ins. Co.,* 450 F.2d 999 (7th Cir. 1971) , *cert den.,* 405 U.S. 921, 92 S. Ct. 957, 30 L. Ed. 2d 792 (1972) . See generally, 11 Wright & Miller, *Federal Practice and Procedure*: Civil § 2871 (1973) . Consequently, guided by the perspective of decisions and textual commentary, we limit our review to the order of March 29, 1971.

A motion to vacate a judgment made pursuant to *Rule* 60 (b) , W.Va. R.C.P. is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion. *Intercity Realty Company v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970) . A court, in the exercise of discretion given it by the remedial provisions of *Rule* 60 (b) , should recognize that the rule is

to be liberally construed for the purpose of accomplishing justice. *Kelly v. Belcher,* 155 W.Va. 757, 187 S.E.2d 617, 626 (1972); *Hamilton Watch Company v. Atlas Container, Inc.,* 156 W.Va. 52, 190 S.E.2d 779 (1972). The rule is also designed to facilitate the desirable legal objective that cases are to be decided on the merits. *Hamilton Watch Company v. Atlas Container, Inc., supra,* at page 783 of the South Eastern Reporter; *McDaniel v. Romano,* 155 W.Va. 875, 190 S.E.2d 8 (1972); *Parsons v. McCoy,* 157 W.Va. 183, 202 S.E.2d 632 (1973).

In support of his motion to vacate the order of dismissal and to reinstate his tort action, Toler alleges that he has a meritorious claim. This is one of the factors which a court must consider when it is asked to reconsider its judgment. See LUGAR & SILVERSTEIN, *supra* at p. 468.

The appellant recognized the general rule that damages resulting from a single tort suffered by one person, consisting of property damages and partly of personal injury damages, are the subject of only one action against a tort-feasor and a timely plea of *res judicata* will prevent a second action. *Mills v. DeWees,* 141 W.Va. 782, 93 S.E.2d 484 (1956); *Warner v. Hedrick,* 147 W.Va. 262, 126 S.E.2d 371 (1962). Nevertheless, counsel asserted that the rule of the *Mills* and *Warner* cases is subject to an exception which permits a cause of action to be split or separately litigated in parts where the tort-feasor derives a benefit and where he specifically agrees to the splitting, citing in support thereof, *Globe v. Rutgers Fire Insurance Company v. Cleveland,* 162 Tenn. 83, 34 S.W.2d 1059 (1931) and Restatement, *Judgments* § 62 (1942). A close reading of the *Mills* case *supra* (see p. 798 of the West Virginia Report) and the case of *State ex rel. Queen v. Sawyers,* 148 W.Va. 130, 133 S.E.2d 257 (1963), indicates that the question remains open for decision in this jurisdiction:

> "A valid agreement of compromise and settlement of a case properly pending in a court of competent jurisdiction, *in the absence of any exception or reservation,* constitutes a merger

and a bar of all claims properly litigable in such case." Syllabus point 3, *id.* (Emphasis supplied.)

It is not the purpose and function of this Court in a review of a denial of a 60 (b) motion to rule upon the substance of the appellant's assertion. Rather, by the foregoing discussion, we note the subtle distinction that his assertion advocating divisible litigation of the damages resulting from a single tort, is not devoid of merit. Conversely, where a claim is absolutely without merit, neither a reviewing court nor a trial court should engage in a fruitless venture to vacate a judgment by reason of procedural defects merely to reconfront a substantive rule which mandates a denial of the movant's underlying claim. Suffice it to say that we find sufficient merit in appellant's claim to consider the validity of his motion.

One of the principal contentions made by the appellant is that he did not receive notice of the entry of the judgment order of February 16, 1970. He says that his failure, or that of his counsel, to react to the plea of *res judicata* was due to either excusable neglect, inadvertence, mutual mistake, inequitable conduct of opposing counsel, or possible fraud. All these grounds, if justified, are recognized as being exculpatory by *Rule* 60 (b) (1), (3), and (6).

Without analyzing the appellant's assertion in detail, it is obvious from the abbreviated record that his troubles stem from his failure to receive meaningful notice of the entry of the order dismissing his case from court. Above all else, the Rules of Civil Procedure command that litigants shall be protected by timely notice of prospective actions of opposing litigants.

*Rule* 7 (b) (1), W.Va. R.C.P. provides: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing ...." *Rule* 6 (d) provides, *inter alia,* as follows: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 7 days before the time specified for the hearing,

unless a different period is fixed by these rules or by order of the court."

Toler, in suffering a dismissal with prejudice without notice, has been denied a substantial right. By a proper motion, seasonably made, this denial was brought to the attention of the trial court, which chose in a terse order, unsupported by findings of fact, to overrule and deny the motion for relief. This, also, was tantamount to a denial of the appellant's right to due process. See, *State ex rel. Battle v. Demkovich,* 148 W.Va. 618, 624, 136 S.E.2d 895 (1964). That case recognized that even a tax commissioner can be denied due process by the entry of an order against him without notice. There, the Court held:

> "A party who is not served with notice of a hearing on a motion made by an opposing party, as provided in R.C.P., Rule 6(d), and does not appear at the hearing, is denied a substantial right and is entitled to a reversal of the judgment entered pursuant to the hearing on the motion." Syllabus point 3, *id.*

Accord, *Wheeler, Admr'x v. Erwin,* 150 W.Va. 300, 145 S.E.2d 121 (1965). *A fortiari,* the private litigant here was denied a substantial right in this case by the action of the court. The refusal by the trial court to reconsider on this basis, coupled with the fact that Toler's other allegations are unrefuted on the record, warrants reversal and remand for further consideration of the motion and for the introduction of supporting and controverting evidence.

*Reversed and remanded.*