IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**NICHOLAS A. PATTERSON,**
**Defendant Below, Petitioner**

**v.)**    **No. 25-ICA-249**    (Cir. Ct. of Summers Cnty. Case No. CC-45-2024-C-26)

**R.T. ROGERS OIL COMPANY, INC.,**
**Plaintiff Below, Respondent**

**and**

**NOVA ROSE, LLC,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nicholas A. Patterson appeals the May 19, 2025, order of the Circuit Court of Summers County, denying his motion for relief from the default judgment order entered by the court in favor of Respondent R.T. Rogers Oil Company, Inc. ("R.T. Rogers") on December 17, 2024. R.T. Rogers filed a response.[1] Mr. Patterson did not file a reply. Respondent Nova Rose, LLC, ("Nova Rose") did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, we find that deficiencies in the record prevent this Court from engaging in a meaningful appellate review to determine whether there is a substantial question of law or prejudicial error. As explained below, a memorandum decision vacating the order on appeal and remanding this matter to the circuit court for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Patterson is the owner of Nova Rose. According to the record, Nova Rose does business under the trade name of "New River Citgo." R.T. Rogers is a wholesale fuel distributor for commercial establishments such as gas stations. On October 29, 2015, Mr. Patterson executed and guaranteed a commercial credit application on behalf of Nova Rose with R.T. Rogers for fuel purchases.

---

[1] Mr. Patterson is represented by Adam D. Taylor, Esq. R.T. Rogers is represented by James R. Sheatsley, Esq.

On October 7, 2024, R.T. Rogers filed the underlying complaint in circuit court, alleging that Mr. Patterson and Nova Rose had breached the credit agreement because the account was delinquent in the amount of $55,748.89. The complaint sought judgment, plus interest and costs.

Mr. Patterson was served by certified mail restricted delivery on October 10, 2024, when his wife signed the return receipt and received the summons and complaint. However, no further action was taken by Mr. Patterson to respond to the complaint. On December 17, 2024, R.T. Rogers filed a motion for default judgment, along with an attorney affidavit and proposed order in circuit court. The motion stated, among other things, that Mr. Patterson had been duly served but did not answer the complaint. R.T. Rogers sought judgment for an adjusted arrearage of $53,507.11, plus costs. That same day, the circuit court entered the proposed order granting default judgment and awarding R.T. Rogers the current arrearage and costs.[2]

On May 16, 2025, Mr. Patterson filed a motion seeking relief from the court's default judgment order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. In support of his motion, Mr. Patterson provided an affidavit, in which he indicated that even though his wife had received the summons and complaint, for reasons unbeknownst to him, she did not inform him of the matter, and instead, he first learned of the litigation after the court granted default judgment. Thus, Mr. Patterson sought to set aside the judgment, file an answer, and assert defenses and counterclaims.

On May 19, 2025, the circuit court entered an order denying the motion. The order set forth the procedural history of the case, which included findings that Mr. Patterson had been duly served and failed to file an answer, which resulted in the entry of default judgment. The circuit court found that Mr. Patterson's assertion that his wife withheld the information, coupled with Mr. Patterson waiting approximately five months to file his motion, did not establish good cause for relief from judgment under Rule 60(b). The motion was denied and this appeal followed.

On appeal, we apply the standard of review:

> A motion to vacate a judgment made pursuant to Rule 60(b) [of the West Virginia Rules of Civil Procedure] is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.

---

[2] After including interest ($527.74) and costs ($354.64), R.T. Rogers was awarded an aggregate judgment of $54,389.49. The circuit court also awarded R.T. Rogers $855.00 in attorney's fees.

Syl. Pt. 5, *Toler v. Shelton,* 157 W. Va. 778, 204 S.E.2d 85 (1974).

On appeal, Mr. Patterson presents two assignments of error. However, upon review, the Court only needs to address one of Mr. Patterson's assignments of error to dispose of this appeal.[3] To that end, Mr. Patterson asserts that the circuit court abused its discretion by failing to consider the standards established by the Supreme Court of Appeals of West Virginia ("SCAWV") to determine whether a default judgment should be set aside under Rule 60(b). *See Parsons v. Consol. Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979) and *Hardwood Group v. Larocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006). Upon review, we agree with Mr. Patterson on this issue.

We begin by noting the operative language of Rule 60(b), which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, unavoidable cause or excusable neglect[;]
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

With respect to this rule, the SCAWV has addressed the factors a circuit court is tasked with considering when a party seeks to set aside a default judgment order. Specifically, in the seminal *Parsons* case, the SCAWV held:

> In determining whether a default judgment should be . . . vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of

---

[3] Mr. Patterson's remaining contention is that under the facts of this case, the circuit court should have held a hearing on his motion, and that the lack of a hearing prevented him from establishing a record in support of his motion. Because we have disposed of this appeal on other grounds, we will not address this argument in this decision.

3

material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

*Parsons*, at 464, 256 S.E.2d at 759, syl. pt. 3, in part. Moreover, the SCAWV expanded upon *Parsons* in *Hardwood Group*, holding:

In addressing a motion to set aside a default judgment, "good cause" requires not only considering the factors set out in Syllabus [P]oint 3 of *Parsons v. Consolidated Gas Supply Corp.,* 163 W.Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied.

*Hardwood Group*, at 58, 631 S.E.2d at 616, syl. pt. 5.

Considering these principles in light of the order on appeal, the Court concludes that the circuit court's order fails to conduct a proper Rule 60(b) analysis as required by *Parsons* and *Hardwood Group*. Instead, the circuit court's order denies Mr. Patterson's motion after listing Rule 60(b)'s enumerated grounds for relief from judgment and summarily concluding that alleged actions of Mr. Patterson's wife and his delay in filing the motion cannot establish good cause.

Noticeably absent from the circuit court's order is the slightest modicum of findings or analysis stemming from the court's consideration of the factors required by Rule 60(b) and the SCAWV's controlling decisions in *Parsons* and *Hardwood Group*. "In reviewing an order denying a motion under Rule 60(b) . . . the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." *Toler*, at 778, 204 S.E.2d at 86, syl. pt. 4. Here, the noted shortcomings of the circuit court's order leave the Court without a sufficient basis to meaningfully review the circuit court's ruling for an abuse of discretion.

As such, we conclude that the circuit court's order must be vacated, and the case remanded to the circuit court for a proper analysis of Mr. Patterson's Rule 60(b) motion, consistent with this decision.

Accordingly, we vacate the circuit court's May 19, 2025, order and remand the matter to the circuit court for the purposes of conducting a proper Rule 60(b) analysis and

4

entry of a new order with sufficient findings of fact and conclusions of law, which will facilitate a meaningful appellate review should either party seek to file a new appeal.[4]

Vacated and Remanded.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[4] Our decision herein does not address the merits and should not be interpreted as suggesting the outcome the circuit court should reach upon remand. Rather, this decision is predicated upon the necessity of a proper order, containing sufficient findings of fact and conclusions of law to afford the circuit court's decision, whatever it may be, a meaningful appellate review. *See Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010) (citation modified) ("Without findings of fact and conclusions of law, this Court is unable to determine the basis for the court's decision and whether any error has occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.").