## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**GEORGE GROOMS AND
ANNIE GROOMS,
Plaintiffs Below, Petitioners**

vs) **No. 13-0387**  (Kanawha County 09-C-AP-132)

**MILDRED GROOMS,
Defendant Below, Respondent**

**FILED**

**March 6, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

The petitioners and plaintiffs below, George and Annie Grooms, by counsel Herbert L. Hively, II, appeal the March 25, 2013, order of the Circuit Court of Kanawha County pertaining to certain real property they own that is currently occupied by the respondent and defendant below, Mildred Grooms, who is represented by her counsel, John R. Mitchell and David M. Dawson.

This Court has considered the parties' briefs, oral arguments, and the submitted record, as well as the pertinent authorities, and finds no substantial question of law and no prejudicial error. Accordingly, for these reasons, a memorandum decision affirming the circuit court's order is appropriate pursuant to Rule 21 of the Rules of Appellate Procedure.

Petitioner George Grooms and Respondent Mildred Grooms are brother and sister. It is undisputed that George Grooms and his wife, Annie, own adjoining lots located on Kanawha Avenue in Chesapeake, West Virginia. Sometime in the 1970s, George Grooms constructed a house on each lot. One house is occupied by the petitioners and the other one is occupied by the respondent. It is also undisputed that the respondent provided money (in excess of $10,000) for the purchase of the lumber to construct the house on the lot that she occupies. The respondent contends that at the time, her brother agreed to give her a deed to the home in exchange for the money she invested in its construction. However, the property was never conveyed to the respondent. Nonetheless, the respondent has continuously resided in the home since 1975.

1

In 2009, the petitioners filed a petition for eviction in the Magistrate Court of Kanawha County, seeking to evict the respondent from the subject property. The petition was granted. The respondent appealed the decision to the circuit court, claiming an ownership interest in the subject property. Following an evidentiary hearing, the circuit court entered an order on May 6, 2010, finding that the respondent has a life estate in the subject property. The order further set forth various duties and responsibilities of the parties with respect to the subject property. The order also stated that the petitioners should not interfere with the respondent's quiet possession of the property.

On July 29, 2010, the respondent filed a petition for contempt in the circuit court. A hearing was held on September 8, 2010. The court found that the petitioners were in contempt of the May 6, 2010, order and directed them to remove a fence they had erected on the subject property. On November 30, 2011, the petitioners filed a "Motion to Reinstate This Civil Action and Modify and/or Clarify the Court's Order of May 6, 2010." Although styled as a motion to modify and/or clarify, the motion specifically requested that the circuit court reconsider its prior ruling that the respondent has a life estate in the subject property.[1] It appears that no action was taken on the motion until after the respondent filed a second Petition for Contempt on January 18, 2013.

A hearing was held on January 23, 2013, on the respondent's second motion for contempt. During that hearing, the petitioners asked the circuit court to rule on their motion for reconsideration. The circuit court then denied the motion. Thereafter, the circuit court entered the March 25, 2013, order finding

> [t]hat George and Amy [sic] Grooms have again interfered with Mildred Grooms' free use of her life estate by obstructing the use of Ms. Grooms' driveway and yard, by threatening to enter her home, and by harassment of visitors, whether business or personal.

The order further stated:

> It is therefore, ORDERED and ADJUDGED:

---

[1]The record indicates that the petitioners had previously filed a *pro se* motion for reconsideration on May 25, 2010, but it was not included in the appendix record submitted to this Court.

A.  That any maintenance or upkeep of the yard, and driveway shall be the responsibility of George and Annie Grooms, but they shall be respectful of Ms. Mildred Grooms when doing so.
B.  That . . . Mildred Grooms, shall insure the residence she currently occupies and shall include [George and Annie Grooms] on said policy.  (A copy of the current insurance policy with changes thereto is attached)[.]
C.  That . . . George and Amy [sic] Grooms, or anyone on their behalf, shall immediately cease and desist all harassment, direct or indirect, of [Mildred Grooms], and to allow her free and uninterrupted use of her home, her yard, and her driveway, for herself and her visitors.
D.  That if [George and Annie Grooms], their family members, or anyone on their behalf, continue to harass [Mildred Grooms] that interferes with her quiet possession and use of the property, they shall be forthwith brought before this Court for a proper hearing and sanctions.

In this appeal, the petitioners first challenge the circuit court's finding that the respondent has a life estate in the property.  Upon review, we find that this Court lacks jurisdiction to consider the petitioners' direct appeal of that decision because the final order on that matter was entered on May 6, 2010.  Pursuant to West Virginia Code § 58-5-4 (2012), a petition for appeal must be filed within four months of the date upon which judgment was rendered.  *See also* R.A.P. 5 (requiring notice of appeal be filed within thirty days of entry of judgment being appealed and stating that appeal must be perfected within four months of date judgment being appealed was entered in office of circuit clerk).  Therefore, the petitioners' attempt to directly appeal the May 6, 2010, decision of the circuit court is clearly untimely, and this Court has no jurisdiction to consider it.

The record shows, however, as discussed above, that on November 30, 2011, the petitioners filed a motion to modify and/or clarify the circuit court's May 6, 2010, order, seeking reconsideration of the circuit court's decision that the respondent has a life estate in the subject property.  This Court has held:

When a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order.  If the motion is filed within ten days of the circuit court's entry of judgment, the

3

motion is treated as a motion to alter or amend under Rule 59(e).
If the motion is filed outside the ten-day limit, it can only be
addressed under Rule 60(b).

Syl. Pt. 2, *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W.Va. 692, 474 S.E.2d 872 (1996). Because the petitioners' motion to modify and/or clarify was filed more than a year after entry of the May 6, 2010, order, it must be considered under Rule 60(b).[2] This Court has held that "[a] motion made pursuant to Rule 60(b), W.Va.R.C.P., does not toll the running of the appeal time of [four] months provided by West Virginia Code, Chapter 58, Article 5, Section 4, as amended." Syl. Pt.1, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). Yet, "[a]n order denying a motion under Rule 60(b), W.Va.R.C.P., is final and appealable." *Toler*, 157 W.Va. at 778, 204 S.E.2d at 86, syl. pt. 2.

The circuit court's March 25, 2013, order that resulted in this appeal contains no ruling with respect to the petitioners' Rule 60(b) motion. In fact, there is no mention of the motion whatsoever in that order. The transcript of the January 23, 2013, hearing that preceded the March 25, 2013, order does reflect, however, that the circuit court orally denied the petitioners' Rule 60(b) motion for reconsideration. This Court has held that "[a]n oral order has the same force, effect, and validity in the law as a written order. In other words, the actual physical possession of a written order is not required to effectuate said order." Syl. Pt. 2, *Moats v. Preston County Comm'n*, 206 W.Va. 8, 521 S.E.2d 180 (1999). Therefore, we find that the petitioners' appeal of the circuit court's denial of their Rule 60(b) motion is properly before the Court.

We have held that "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." *Toler*, 157 W.Va. at 778, 204 S.E.2d at 86; syl. pt. 3. Therefore, "[i]n reviewing an order denying a motion under Rule 60(b), W.Va.R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." *Toler*, 157 W.Va. at 778, 204 S.E.2d at 86; syl. pt. 4. Indeed, "[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." *Toler*, 157 W.Va. at 778, 204 S.E.2d at 86; syl. pt. 5.

---

[2]Likewise, the petitioners' *pro se* motion for reconsideration filed on May 25, 2010, falls under Rule 60(b).

Upon review, we are unable to find that the circuit court abused its discretion in denying the petitioners' Rule 60(b) motion. We have explained that "Rule 60(b) motions which seek merely to relitigate legal issues heard at the underlying proceeding are without merit." *Powderidge*, 196 W.Va. at 705, 474 S.E.2d at 885. The record indicates that the petitioners' motion was simply a request that the court change its prior ruling. Therefore, the circuit court did not err by denying the motion.

The petitioners also seek to reverse the March 25, 2013, order of the circuit court on the basis that it fails to provide sufficient details with respect to the parties' use and maintenance of the subject property. We have explained that

> [w]hen this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard.

Syl. Pt. 1, *McCormick v. Allstate Ins. Co.,* 197 W.Va. 415, 475 S.E.2d 507 (1996). Upon review, we find no merit to the petitioners' argument. As set forth above, the court found that the petitioners had interfered with the respondent's use of her life estate and, accordingly, made rulings to clarify the parties' respective responsibilities and duties with regard to the subject property. The record supports the circuit court's findings. In that regard, the record shows that evidence was submitted during the January 23, 2013, hearing establishing that the petitioners had interfered with the respondent's use the property by, *inter alia*, blocking her driveway and preventing respondent's visitors from parking near her house. Therefore, the circuit court did not clearly err with regard to the factual findings contained in its March 25, 2013, order, nor did the circuit court abuse its discretion.

Accordingly, for the reasons set forth above, the order of the Circuit Court of Kanawha County entered on March 25, 2013, is affirmed.

Affirmed.

**ISSUED:** March 6, 2014


**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II