# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Troy Jermaine Green,**
**Defendant, Petitioner**

**FILED**

May 1, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0816** (Berkeley County 01-C-399)

**Ford Motor Credit Company,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Troy Jermaine Green, appearing *pro se*, appeals the order of the Circuit Court of Berkeley County, entered July 9, 2014, that, following a remand from this Court with directions to hold a new hearing, denied petitioner's motion to vacate an August 1, 2005, order approving a settlement between the parties. Respondent Ford Motor Credit Company, by counsel Christopher A. Dawson, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In *Green v. Ford Motor Credit Co.*, No. 13-0243, 2014 WL 274474, at \*4 (W.Va. Supreme Court, January 24, 2014) (memorandum decision) ("*Green I*"),[1] this Court reversed a prior decision of the circuit court denying petitioner's motion to vacate an August 1, 2005, settlement order and remanded the case with directions to hold "a new hearing to determine whether petitioner moved to vacate the settlement within a reasonable time after his release from incarceration under Rule 60(b) [of the West Virginia Rules of Civil Procedure]."

The circuit court held the remand hearing on June 25, 2014, during which petitioner was represented by counsel and provided testimony. Following the hearing, the circuit court entered an order on July 9, 2014, denying petitioner's motion to vacate the settlement approved on August 1, 2005.[2] In its order, the circuit court found that (1) petitioner received notice that his case had been

---

[1] We set forth the underlying facts of this case in *Green I* and do not reiterate them herein.

[2] As established by this Court's decision in *Green I*, the circuit court's approval of the settlement was legally erroneous. 2014 WL 274474, at \*4. However, as petitioner correctly concedes, Rule 60(b) still requires him to show that he moved to vacate the settlement within a reasonable time.

settled in August of 2005 from the guardian ad litem appointed to represent him during his incarceration at the address at which "he admittedly received other letters"; (2) petitioner admitted at the remand hearing that even though he sought to overturn the settlement, he took receipt of the settlement proceeds;[3] (3) petitioner did not directly challenge the settlement until he filed his motion to vacate on September 28, 2012, "more than six . . . months after [his] release from incarceration"; (4) petitioner "never made [respondent] aware of any challenge" to the August 1, 2005, settlement order until his September 28, 2012 motion; (5) while respondent's debt collection claim against petitioner was not overly complex, petitioner asserted more complicated counterclaims against respondent, including invasion of privacy, deceptive/unfair/unconscionable trade practices, and violation of the State of Maryland's version of the Uniform Commercial Code; and (6) petitioner prejudiced respondent's rights because petitioner's delay in filing his motion to vacate the parties' settlement, if granted, (and the overall delay of thirteen years[4]) would adversely affect the preparation of respondent's case. Accordingly, the circuit court concluded the six-month delay of the filing of petitioner's motion to vacate following his release from incarceration was unreasonable under Rule 60(b).

Petitioner now appeals the circuit court's July 9, 2014, order denying his Rule 60(b) motion to vacate the August 1, 2005 settlement order. We review the denial of the motion only for an abuse discretion. Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85, 86 (1974). Specifically, our function is limited to deciding whether the circuit court abused its discretion in concluding that sufficient grounds for disturbing the finality of the August 1, 2005 settlement order, were not shown in a timely manner. Syl. Pt. 4, *Id.* at 778, 204 S.E.2d at 86; *see* W.Va. Rul. Civ. Proc. 60(b) (motion must be made "within a reasonable time").

On appeal, petitioner states that he "does not contest" the circuit court's factual findings, but only challenges the conclusion that the circuit court drew from those facts. Respondent argues that the circuit court's conclusion that the six-month delay of the filing of petitioner's motion to vacate was unreasonable under Rule 60(b) does not constitute an abuse of discretion and, therefore, that the circuit court's order denying petitioner's motion should be affirmed.

First, we accept petitioner's concession with regard to the correctness of the circuit court's factual findings, including (a) petitioner's admissions that (1) petitioner's guardian ad litem sent notice of the settlement to the address at which petitioner received other letters and (2) petitioner took receipt of the settlement proceeds; and (b) the determination that respondent did not know that petitioner was challenging the August 1, 2005 settlement order, until his September 28, 2012 motion. *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact.").

---

[3] Pursuant to the settlement, petitioner was paid $1,000 in exchange for the dismissal of all claims.

[4] This case was initiated in 2001.

2

Second, with regard to the circuit court's conclusion that petitioner failed to file his Rule 60(b) motion within a timely manner, we note that petitioner points out the three principal ways an abuse of discretion occurs: (1) when a relevant factor that should have been given significant weight is not considered; (2) when all proper factors, and no improper ones, are considered, but the lower court in weighing those factors commits a clear error of judgment; and (3) when the lower court fails to exercise any discretion at all in issuing the order. See *Banker v. Banker*, 196 W.Va. 535, 548, 474 S.E.2d 465, 478 (1996). We find that (a) the circuit court neither failed to consider any relevant factor that should have been given significant weight, nor considered factors that were improper; and (b) the circuit court did not commit a clear error of judgment in weighing relevant factors.[5]

For example, petitioner contends that the circuit court should have given greater weight to the fact that he filed a formal motion to vacate the August 1, 2005 settlement order within six months of his release from a long period of incarceration, especially in light of petitioner's less formal attempts to challenge the order prior to his September 28, 2012 motion. However, in *Green I*, respondent asserted that it did not receive notice of the July 9, 2012, and the September 10, 2012 hearings,[6] at which petitioner made those less formal attempts. As noted above, petitioner concedes that respondent did not know that he was challenging the settlement order until he filed his formal motion to vacate that order. Given this concession, we find that petitioner cannot show that the circuit court committed a clear error of judgment in weighing relevant factors as it did. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's Rule 60(b) motion to vacate the August 1, 2005 settlement order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 1, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] Petitioner does not argue that the circuit court failed to exercise any discretion at all; therefore, the third *Banker* factor is not at issue in this case.

[6] 2014 WL 274474, at *3 n. 4.