# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**NORA SUE CRONIN,**
**Defendant Below, Petitioner**

**v.) No. 23-ICA-221**        (Cir. Ct. of Doddridge Cnty. CC-09-2014-C-31)

**ANTERO RESOURCES CORPORATION,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nora Sue Cronin appeals from the April 27, 2023, order of the Circuit Court of Doddridge County, which denied her motion to set aside its September 25, 2014, order granting default judgment to Respondent Antero Resources Corporation ("Antero") and the resulting December 23, 2014, Special Commissioner's Deed. Antero filed a response.[1] Ms. Cronin filed a reply. The issue on appeal is whether the circuit court abused its discretion by denying Ms. Cronin's motion.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case centers on the mineral interest underlying a 36-acre tract in the McClellan District of Doddridge County. The mineral interest has been leased and continuously subject to oil and gas production since May 5, 1894 ("1894 Lease"). In early 2014, Antero began contacting the owners of the subject tract for the purpose of adding a pooling clause to the 1894 Lease. At that time, Ms. Cronin and Patsy Nell Strouse each owned an

---

[1] Ms. Cronin is represented by Cynthia Loomis Hardesty, Esq. Antero is represented by Ancil G. Ramey, Esq., W. Henry Lawrence, Esq., Lauren K. Turner, Esq., Justin A. Rubenstein, Esq., and Stephenee R. Gandee, Esq.

undivided one-fourth mineral interest in the subject tract.[2][3] Between August 30, 2013, and June 3, 2014, Antero attempted to negotiate a lease modification with Ms. Cronin and Ms. Strouse. In separate letters dated March 11, 2014, Antero's counsel informed Ms. Cronin and Ms. Strouse that if an agreement could not be reached, Antero would file suit in circuit court to partition Ms. Cronin's and Ms. Strouse's fractional mineral interests pursuant to West Virginia Code §§ 37-4-1 to -9.

On April 14, 2014, Ms. Cronin executed a lease modification, and on June 3, 2014, Ms. Cronin executed a letter agreement in which she agreed to execute a quit claim deed, conveying an undivided one-thirty-sixth (one net mineral acre) of her one-fourth mineral interest to Antero for $1,500 in consideration. This agreement also included express language notifying Ms. Cronin that the purpose of the quit claim deed was to give Antero standing to file a partition action. It was also understood that upon Ms. Cronin's execution of this quit claim deed, Antero would seek to partition the mineral interest held by Ms. Strouse who had ended negotiations with Antero without resolution on May 15, 2014.

On June 23, 2014, Antero filed its partition action against Ms. Strouse, seeking partition by allotment. Ms. Strouse was served through the West Virginia Secretary of State's office on June 26, 2014. Antero's complaint only sought relief against Ms. Strouse but named Ms. Cronin and the other mineral interest owners as nominal defendants. Ms. Cronin was served by certified mail. Despite proper service, neither Ms. Cronin nor Ms. Strouse ever appeared, answered, or otherwise responded to the complaint.[4] On August 13, 2014, Antero filed a motion for default judgment against Ms. Strouse.

By order dated September 25, 2014, the circuit court granted Antero's motion for default judgment. This order determined: (1) Antero owned an undivided interest in the subject mineral tract and had standing to pursue its partition action against Ms. Strouse; (2) default judgment was appropriate because Ms. Strouse had been duly served but failed to answer, plead, or otherwise defend against Antero's complaint; and (3) that partition of

---

[2] Ms. Cronin and Ms. Strouse are siblings, and both were named as defendants in the original civil action. However, only Ms. Cronin sought to vacate the circuit court's order. On November 9, 2023, Ms. Strouse filed a motion to intervene as a party for the purposes of joining Ms. Cronin's arguments on appeal, and on December 20, 2023, this Court entered an order refusing the motion. Further, at the time Ms. Cronin filed her motion in circuit court, she alleged that she and Ms. Strouse were estranged from each other.

[3] According to the record, the remaining undivided one-half interest is owned by the Orma M. Wilson Johnson Trust. The Trust was named as a nominal defendant in the underlying partition action and is not a party to this appeal.

[4] According to the circuit court's order on appeal, Ms. Cronin did not contact Antero until March 15, 2022.

Ms. Strouse's mineral interest by allotment was appropriate. The order allotted Ms. Strouse's undivided one-fourth mineral interest to Antero and pursuant to statute, directed three commissioners be appointed to determine the fair market value of Ms. Strouse's mineral interest. *See* W. Va. Code § 37-4-3 (1957) (setting forth the procedure for partition actions). The order expressly stated that this ruling did not affect the mineral interest held by the nominal defendants. The circuit court also appointed a special commissioner to prepare and deliver a deed conveying the newly allotted interest to Antero.

On October 14, 2014, the commissioners held a hearing to determine the fair market value of Ms. Strouse's mineral interest. Neither Ms. Strouse nor Ms. Cronin attended this hearing. Following the hearing, the commissioners filed their findings with the circuit court, appraising Ms. Strouse's interest to have a fair market value of $24,300 or $2,700 per mineral acre. No party filed an objection to the commissioners' report. On December 2, 2014, the circuit court entered an order confirming that the special commissioner's deed had been prepared, executed, and delivered, and that a check payable to Ms. Strouse from Antero for $23,671.03 had been delivered to the county's general receiver.[5] On March 2, 2015, the circuit court entered a final order confirming the sale and dismissing the case.

When Ms. Strouse did not claim the proceeds within seven years, the general receiver submitted a report to the circuit court on March 7, 2022, regarding its disposition of the funds. *See* W. Va. Code § 37-4-9 (2020) (establishing the procedure for disposition of partition funds by a general receiver when those funds have been unclaimed for seven years). A copy of this report was sent to Ms. Cronin. On March 8, 2022, the circuit court entered an order filing the general receiver's report and scheduling the matter for hearing on March 24, 2022.[6] On March 22, 2022, Ms. Cronin, through counsel, filed her objections to the general receiver's report. At the hearing on March 24, 2022, the circuit court granted Ms. Cronin additional time to file supplement pleadings "to more specifically define the issues and complaints raised [and] the legal basis for assailing the prior proceedings."

On May 10, 2022, Ms. Cronin filed her motion to set aside judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. In her motion, Ms. Cronin argued that the September 25, 2014, default judgment order and special commissioner's deed should be set aside because Antero had committed a fraud upon the circuit court by obtaining standing as a cotenant through a "sham conveyance" with Ms. Cronin, and that Antero was not entitled to partition by allotment because it failed to establish that Ms. Strouse's mineral interest would not be prejudiced by the allotment. On June 8, 2022,

---

[5] The $23,671.03 reflects the fair market value for Ms. Strouse's mineral interest, less Antero's litigation costs.

[6] On its own motion, the circuit court included language in this order to add the West Virginia Department of Environmental Protection as a party based upon the language of West Virginia Code § 37-4-9.

Antero filed a response in opposition to the motion. It asserted that Ms. Cronin lacked standing to challenge the default judgment entered against Ms. Strouse, she failed to show good cause to set aside the order, and that the allotment did not prejudice Ms. Strouse because Antero deposited funds, which were for her exclusive benefit, and equal to the fair market value for her mineral interest with the county's general receiver. Ms. Strouse simply did not collect the funds.

The circuit court denied Ms. Cronin's motion by order dated April 27, 2023. This order found that Ms. Strouse never appeared in the underlying action, that Ms. Cronin held no legal interest in Ms. Strouse's former mineral interest, and that Ms. Cronin was not damaged by the allotment and conveyance of Ms. Strouse's interest to Antero. The circuit court further determined that Ms. Cronin lacked first party and third-party standing to challenge the default judgment order.

To obtain first party standing, the circuit court found that our case law required Ms. Cronin to establish: (1) she suffered an injury in fact through an invasion of a legally protected interest which was (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical; (2) a causal connection between the injury and the conduct forming the basis of the law suit; and (3) that it was likely that her injury would be redressed through a favorable decision of the court. Syl. Pt. 5, *Findley v. State Farm Mut. Auto Ins. Co.*, 213 W. Va. 80, 84, 576 S.E.2d 807, 811 (2002).

On this issue, the circuit court determined that Ms. Cronin lacked first party standing because she had no legally cognizable interest in Ms. Strouse's mineral interest and had not suffered an injury by the allotment of Ms. Strouse's interest to Antero. Further, no injury occurred because Ms. Cronin had voluntarily executed her lease modification, a quit claim deed for consideration, and an agreement wherein she was aware that Antero was going to use her conveyance to seek partition against Ms. Strouse. Because no injury existed, the circuit court found Ms. Cronin could not establish a causal connection, nor was there an injury for which she could seek redress.

Next, the circuit court found that to establish third-party standing, our law requires that "a litigant must (1) have suffered an injury in fact; (2) have a close relation to the third party; and (3) demonstrate some hindrance to the third party's ability to protect his or her own interests." Syl. Pt. 5 *Kanawha Cnty. Pub. Libr. Bd. v. Bd. of Educ. of Cnty. of Kanawha*, 231 W. Va. 386, 389, 745 S.E.2d 424, 427 (2013). Here, the circuit court found that Ms. Cronin was not entitled to assert third-party standing because she held no legal interest in Ms. Strouse's former mineral interest and, thus, was not injured by the default judgment order or special commissioner's deed; Ms. Cronin and Ms. Strouse were estranged and could not meet the close relation prong; and that Ms. Cronin failed to show

any hinderance to Ms. Strouse protecting her own rights in the case. It is from this order that Ms. Cronin now appeals.[7]

When considering appeals from circuit court rulings on motions brought pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure we apply the following standard of review: "A motion to vacate a judgment made pursuant to Rule 60(b) [of the West Virginia Rules of Civil Procedure], is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 778, 204 S.E.2d 85, 86 (1974).

Ms. Cronin raises two assignments of error in this appeal. She asserts that the circuit court erred by finding that she lacked standing to challenge the default judgment entered against Ms. Strouse. She also argues that Antero fraudulently obtained the quit claim deed from her in order to improperly obtain standing to bring the partition action. Upon review, we find that the circuit court did not abuse its discretion in holding that Ms. Cronin lacked standing to seek to set aside the default judgment entered against Ms. Strouse, and that Ms. Cronin's lack of standing is dispositive of this appeal.

As previously established, our inquiry is whether Ms. Cronin had first-party or third-party standing to challenge the circuit court's default judgment order. We begin our analysis by noting that as a rule, "[s]tanding is a jurisdictional requirement that cannot be waived, and may be brought up at any time in a proceeding." *Pavone v. NPML Mortg. Acquisitions, LLC*, 246 W. Va. 418, 421, 874 S.E.2d 21, 24 (2022) (citation and quotation omitted). Further, jurisdiction must be decided before addressing the merits. *See State ex rel. Paul B. v. Hill*, 201 W. Va. 248, 256, 496 S.E.2d 198, 206 (1997) (noting that "[s]tanding is an element of jurisdiction over the subject matter").

In challenging the circuit court's finding that she lacked first-party standing, Ms. Cronin summarily argues, without citation to any supporting authority, that because she was named as a nominal defendant in the underlying partition action, she had standing as an indispensable party and "could have sought allotment of the property herself under [West Virginia Code] § 37-4-3." We are not persuaded by this argument. Rather, we agree

---

[7] The circuit court also found that even if Ms. Cronin had legal standing to pursue her motion, it would not survive the "good cause" analysis for setting aside default judgments as established by our Supreme Court of Appeals in Syllabus Point 3 of *Parsons v. Consolidated Gas Supply Corporation*, 163 W. Va. 464, 464-65, 256 S.E.2d 758, 759 (1979) and Syllabus Point 5 of *Hardwood Group v. Larocco*, 219 W. Va. 56, 58, 631 S.E.2d 614, 616 (2006). Ms. Cronin does not challenge this finding as an assignment of error on appeal.

with the circuit court that Ms. Cronin cannot meet the three required elements for standing as set forth in *Findley*.

As the facts of this case demonstrate, Antero contacted all of the mineral owners for the subject tract to modify the 1894 Lease and Ms. Cronin and Ms. Strouse each held their own undivided one-fourth mineral interest in the subject tract. Ms. Cronin voluntarily agreed to a lease modification, but Ms. Strouse did not. Ms. Cronin also voluntarily entered into an agreement wherein she would convey a portion of her undivided interest by quit claim deed in exchange for consideration, with the understanding that Antero would use that conveyance to seek partition against Ms. Strouse. When Antero filed its partition action, the complaint named Ms. Cronin and other mineral interest owners as nominal parties by virtue of their ownership interests in the leasehold estate; however, the complaint only sought allotment of Ms. Strouse's interest as the lone holdout tenant. Neither Ms. Strouse nor Ms. Cronin undertook any affirmative action to participate, challenge, or object to Antero's partition action after being duly served with Antero's complaint; and thereafter, the circuit court granted Antero default judgment against Ms. Strouse with its order containing express language that the mineral interests of Ms. Cronin and others were unaffected by the entry of default judgment.

These facts demonstrate that only Ms. Strouse's interest was affected by the default judgment order and subsequent special commissioner's deed. The facts further demonstrate that Ms. Cronin suffered no injury as a result of the proceedings against Ms. Strouse because Ms. Cronin had no legally protected interest in Ms. Strouse's mineral interest and, thus, there was no causal connection or injury to redress.[8] Therefore, we find no abuse of discretion in the circuit court's ruling on this issue.

Next, Ms. Cronin argues the circuit court erred by not finding that she had third-party standing to pursue the motion on behalf of Ms. Strouse because she had established the necessary factors. *Kanawha Cnty. Pub. Libr. Bd.*, 231 W. Va. at 389, 745 S.E.2d at 427, syl. pt. 5. Addressing these factors, Ms. Cronin asserts: (1) she suffered an injury in fact from the default judgment order because both she and Ms. Strouse held a vested emotional and sentimental attachment to the mineral interests which they had inherited from their father and were permanently taken by Antero; (2) a close relation exists because she and Ms. Strouse are sisters who share a childhood familial tie to the subject tract and despite being estranged, Ms. Cronin's efforts are solely for the benefit of Ms. Strouse; and (3) Ms. Strouse's ability to protect her interest is hindered by her age and residence in an assisted living facility in Ohio; whereas Ms. Cronin still lives in West Virginia and is in

---

[8] Rather, Ms. Cronin's interest was only affected by her knowing and voluntary execution of the quit claim deed; however, Antero's partition action never sought to attack that conveyance or the remaining mineral interest held by Ms. Cronin. Further, Ms. Cronin never appeared below to assert a counterclaim or otherwise file an independent action in circuit court in which she sought to set aside the quit claim deed.

the best proximity to act to protect her sister's property interest in this state. We are not persuaded by this argument.

Third-party standing can only be achieved by establishing each of the three *Kanawha County Public Library Board* factors, and we find that Ms. Cronin cannot meet those factors in this case. *Kanawha Cnty. Pub. Libr. Bd.* at 389, 745 S.E.2d at 427, syl. pt. 5. As previously established, Ms. Cronin suffered no injury in fact as a result of the partition proceedings, default judgment order, or special commissioner's deed. The circuit court found that Ms. Cronin did not have a close relation to Ms. Strouse because of their estranged relationship and we find that Ms. Cronin has failed to establish that the circuit court abused its discretion in that regard. Further, Ms. Cronin has failed to establish how Ms. Strouse's age and residence in Ohio hinders her ability to protect her own interests in this case. This is especially true when the facts of this case plainly illustrate that Ms. Strouse did not act to protect her interests in 2014 when the partition action was filed and took no action in the several years since the default judgment order was entered.

Because the failure to satisfy any one of the three factors is fatal to a third-party standing claim, we find that the circuit court properly determined that Ms. Cronin lacked third-party standing in this case. Having determined that Ms. Cronin did not have any standing to challenge the circuit court's entry of default judgment, we do not need to address her remaining assignment of error. Accordingly, we find no abuse of discretion and affirm the circuit court's April 27, 2023, order.

Affirmed.

**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear