# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Norma K. Bowyer, Richard Ferrell and Carolyn Ferrell,
Defendants Below, Petitioner

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 14-0577 (Kanawha County 10-C-743)

Beverly Dozier, David Bowyer and Dennis Bowyer,
Petitioner Below, Respondent Dozier
Defendants Below. Respondents David & Dennis Bowyer

## MEMORANDUM DECISION

Petitioners Norma K. Bowyer, Richard Ferrell, and Carolyn Ferrell, by counsel Rachel L. Fetty, appeal the Circuit Court of Kanawha County's August 27, 2012, September 6, 2012, March 26, 2013, and May 14, 2014, orders dismissing petitioners' claims, striking petitioners defenses to claims filed by respondent Beverly Dozier, granting judgment to respondents, and denying petitioners' motion in arrest of judgment. Respondent Beverly Dozier, by counsel Scott W. Andrews, and respondents David Bowyer and Dennis Bowyer, by counsel Scott L. Summers, respond in support of the circuit court's orders. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ruth Hurst Bowyer ("Mrs. Bowyer"), mother of petitioners Norma K. Bowyer and Carolyn Ferrell and respondents Beverly Dozier, David Ferrell, and Dennis Ferrell, died on January 3, 2009.[1] In the months prior to her death, Mrs. Bowyer made changes to her estate.[2] In April of 2009, Mrs. Bowyer's last will and testament ("Will") was admitted to probate in Kanawha County, West Virginia.

In April of 2010, respondent Ms. Dozier filed the case-at-bar against petitioners, contesting Mrs. Bowyer's December 14, 2008, Will, and alleging tortious interference,

---

[1]The remaining petitioner, Richard Ferrell, is the son-in-law of Ruth Hurst Bowyer, and the husband of petitioner Carolyn Ferrell.

[2]In October of 2008, Mrs. Bowyer named Richard Ferrell as the beneficiary of her annuity. In December of 2008, Mrs. Bowyer drafted a new Will.

improper/invalid execution of a will, breach of executor's duties to beneficiaries, and conversion. Shortly thereafter, petitioners retained Attorney Barbara Harmon-Schamberger to represent their interests, and Ms. Harmon-Schamberger filed an answer in this case on petitioners' behalf. On October 29, 2010, Respondent Dozier served written discovery upon petitioners. Despite several motions to compel, motions for sanctions, and court orders requiring petitioners to respond, the discovery requests served by Respondent Dozier went unanswered.[3]

On June 15, 2011, the circuit court entered an order granting Respondent Dozier's motion to compel and required petitioners to respond to the discovery requests within thirty days. Petitioners filed no responses to the outstanding discovery requests. On August 8, 2011, the trial court entered an order granting Respondent Dozier's motion for sanctions. These sanctions stripped petitioners of their defenses to the claims asserted by Respondent Dozier and prohibited petitioners from opposing the evidence offered by Respondent Dozier in support of her claims. The order further required petitioners to respond to respondent's written discovery requests within ten days.[4]

On August 4, 2011, petitioners' counsel filed a motion to withdraw, alleging that an illness (recurrent bouts of pneumonia) left her unable to effectually represent her clients. By order entered October 18, 2011, petitioners' counsel was permitted to withdraw. The October 18, 2011, order required that Ms. Harmon-Schamberger provide respondents' counsel with current addresses and telephone numbers for petitioners (within 14 days) and further provided petitioners forty days from the date of the entry of the order to either obtain new counsel or continue pro se. That order further directed that Ms. Harmon-Schamberger "specifically inform Norma Kay Bowyer, Richard Ferrell and Carolyn Ferrell" as follows:

---

[3]Petitioners' responses to Respondent Dozier's discovery requests were due on December 1, 2010. On December 7, 2010, Respondent Bowyer's counsel wrote to petitioners' counsel to inquire about the status of the discovery responses. When no response to either the letter or the discovery requests were forthcoming, Respondent Dozier filed a motion to compel, which was granted by the trial court at a February 7, 2011, hearing. The trial court ordered petitioners to respond to the discovery requests by March 10, 2011. No response was made by petitioners. On March 14, 2011, Respondent Dozier filed a motion to compel discovery and for sanctions. At a March 28, 2011, hearing on this motion, petitioners' counsel denied receiving a copy of the discovery requests. The trial court granted petitioners an additional thirty days to respond to the discovery requests. By letter dated April 26, 2011, petitioners' counsel requested an additional extension of time to respond to the discovery requests. Respondent Dozier's counsel agreed to the requested extension, making the responses due by May 5, 2011. When no responses were provided and no additional requests for extensions made, respondent filed another motion to compel and second motion for sanctions.

[4]Petitioners' counsel took similar approaches to the discovery served by Respondents David and Dennis Bowyers, which included requests for admission. By order entered August 8, 2011, the circuit court deemed the requests for admission "admitted by operation of law."

i.      That the Circuit Court of Kanawha County, West Virginia will retain jurisdiction in this matter;

ii.     That they will have the burden of keeping the Court and counsel informed where notice, pleadings or other papers may be served upon them;

iii.    That they will have the burden of preparing for hearing and/or trial. Or, to retain other counsel to prepare for these hearings, trial and/or other matters scheduled by the Court or counsel;

iv.     That if they fail or refuse to meet these burdens, they may suffer possible default and/or have judgment entered against them.

Ten months later, the circuit court entered an order resolving the claims of respondents against petitioners. An amended version of this order was entered by the circuit court on September 6, 2012.[5] Five months later, respondents filed a joint motion for entry of a judgment order, a copy of which was served upon Ms. Harmon-Schamberger, as petitioners' representative. The judgment order was entered by the circuit court on March 26, 2013. The judgment order included a provision, at paragraph 6, which read as follows:

Due to the failure of Barbara Harmon-Schamberger, Esquire, to provide the Court and counsel with addresses for Norma Bowyer, Carolyn Ferrell and Richard Ferrell[,] the Court and counsel do not have a means of providing Norma Bowyer, Carolyn Ferrell and Richard Ferrell with a copy of this Order. Therefore, although Barbara Harmon-Schamberger, Esquire is no longer counsel for Norma Bowyer, Carolyn Ferrell and Richard Ferrell, she is hereby directed to provide Norma Bowyer, Carolyn Ferrell and Richard Ferrell with a copy of this order.

Nearly one year later, on March 21, 2014, petitioners filed a motion seeking an arrest of judgment, injunctive relief, and other relief that may be available.[6] A hearing on petitioners'

---

[5]Ms. Harmon-Schamberger was provided with copies of both the original and amended versions of the order, as neither Ms. Harmon-Schamberger nor petitioners advised the parties or the circuit court of the current addresses and telephone numbers for petitioners, and made no indication of petitioners' intent with regard to retention of alternate counsel, as directed by in the October 18, 2011, order.

[6]Petitioners did not state any specific grounds for the relief sought in their motion. However, the reply filed by petitioners' counsel sought relief under Rule 60(b) of the West Virginia Rules of Civil Procedure. The motion alleges that petitioners did not discover the existence of the March 26, 2013, judgment order until March 15, 2014. At the hearing on petitioners' motion in arrest of judgment, petitioners' counsel argued that respondents were (continued . . .)

motion was held on April 22, 2014. By order entered May 14, 2014, the circuit court denied petitioner's motion. The circuit court ruled that petitioners failed to produce any evidence of good cause justifying relief under Rule 60(b) of the West Virginia Rules of Civil Procedure, and further found petitioners' allegations of fraud to be false and unsupported. It is from the May 14, 2014, order that petitioners appeal.

Petitioners raise three assignments of error challenging the circuit court's August 27, 2012, September 6, 2012, March 26, 2013, and May 14, 2014, orders. First, petitioners contend that the circuit court abused its discretion in failing to review petitioners' discovery responses, or circumstances surrounding discovery issues, prior to the dismissal of their claims and defenses. Second, petitioners contend that by entry of the circuit court's orders, they were denied due process and an opportunity to appear at the hearings granting respondents' judgment and striking petitioners' defenses. Third, petitioners argue that the circuit court abused its discretion in denying petitioner's request for relief from its orders pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.

We address petitioners' assignments of error first by examining Rules 37(b)(2) and 60(b) of the West Virginia Rules of Civil Procedure. Rule 37(b)(2) provides, in part:

> Sanctions by court in which action is pending – If a party . . . fails to obey an order to provide or permit discovery . . . , the court in which the action is pending may make such orders in regard to the failure as are just, and among others are the following:
>
> > (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> >
> > (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> >
> > (C) An order striking out pleadings, or parts thereof, . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . .

Rule 60(b) provides, in part:

> On motion and upon such terms as are just, the court may relieve a party

---

fraudulent in their representations to the court regarding knowledge of the addresses and telephone numbers for petitioners.

4

or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could have not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. . . . .

We review the award of sanctions by a circuit court under an abuse of discretion standard. In Syllabus Point 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995), we held that

> [t]he West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence and the appropriateness of a particular sanction for discovery violations are committed to the discretion of the trial court. . . .

The standard of review of a circuit court's denial of a Rule 60(b) motion to vacate a judgment requires that such motions are to be "addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion." Syl. Pt. 5, in part, *Toler v. Shelton*, 157 W.Va. 778, 785, 204 S.E.2d 85, 90 (1974). In *Toler*, we further held, at syllabus point four, that the function of appellate courts in such situations is "limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." "An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." *Id.* at syl. pt. 3. Thus, in considering petitioner's assignments of error, we must only address those orders that are proper for consideration pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.

In their first assignment of error, petitioners address rulings made by the circuit court in 2011, most significantly, the circuit court's ruling of August 8, 2011, which dismissed petitioners' claims and defenses. Petitioners argue that respondents committed a "fraud upon the court," but offered no evidence or testimony concerning this alleged "fraud."[7] In ruling on

---

[7]Respondents dispute petitioners' allegations of fraud, which the circuit court held were unsubstantiated and unfounded. In its May 14, 2014 order, the circuit court addressed petitioners' fraud claims and ruled that "[s]uch is simply not the case here." The circuit court found that respondents attempted on numerous occasions to get petitioner to cooperate and participate in (continued . . .)

petitioners' motion to set aside the judgment entered against respondent, as well as the circuit court's orders regarding discovery issues, on the basis of fraud, the circuit court determined that only the March 26, 2013, judgment order was proper for consideration pursuant to Rule 60(b). We agree and find that the circuit court did not abuse its discretion in failing to review its orders related to discovery matters entered in 2011, nearly three full years before petitioner's motion in arrest of judgment.[8]

As to petitioners' second assignment of error, they argue that the circuit court's orders of August 27, 2012, September 6, 2012, and March 26, 2013, are void in that petitioners' right to due process was violated because petitioners were not provided proper notice of the motions, hearings, or orders at issue. We have long held that due process dictates that a party receive meaningful notice of hearings and be given an opportunity to respond to potential sanctions. In syllabus point two of *Bartles v. Hinkle*, 196 W.Va. 381, 472 S.E.2d 827 (1996), we ruled that

> [i]n formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

In the case-at-bar, respondents attempted, for a period of several years, to encourage petitioners to cooperate and participate in this litigation, filing multiple motions to compel and

this litigation to no avail. The circuit court further noted that petitioners' counsel received notice of all motions and hearings and further that as

> "a condition of her withdrawal being approved, [petitioners'] counsel was required to provide updated contact information for her clients so that other counsel could provide them with copies of pleadings and notices. [Petitioners'] counsel failed to comply with the requirements of this Order. This fact has been conclusively established in this case and is not subject to debate."

[8]Assuming arguendo that if this Court were to consider petitioner's request to review the circuit court's rulings on discovery matters, we find that the circuit court did not abuse its discretion in issuing discovery sanctions against petitioners. The circuit court determined that petitioners provided no good cause in support of their motion to arrest judgment, and that said motion was largely premised on false allegations against respondents. The circuit court further reasoned that petitioners had the opportunity to litigate their case and have their claims and defenses heard, and failed to avail themselves of that opportunity. The circuit court found that respondents and their counsel complied with the West Virginia Rules of Civil Procedure in an effort to obtain discovery responses and get petitioners to actively participate in this case.

6

providing petitioners' counsel extra time to complete responses. Respondents provided notices of hearings to petitioners' counsel and acted in accordance with the circuit court's rulings. Despite respondents' actions, petitioners, and their counsel, exhibited a lack of interest in how the case was proceeding and established a pattern of noncompliance with the orders issued by the circuit court. Petitioners' lack of interest was evident during the exchange between the circuit court judge and petitioners' counsel at the April 22, 2014, hearing:

| | |
|---|---|
| The court: | And [petitioners] haven't asked any questions, done anything, for almost now a solid year after the final judgment was entered . . . They just totally neglected the case. I mean, what were they thinking . . . , all of this time since 2010 that was going on with the case where they had been sued? Tell me. |
| Petitioners' counsel: | Your honor, my clients were I think frantic. I don't know – it is in the realm of frantically trying to contact Ms. Schamberger. |
| The court: | Why didn't they contact the Court? Why didn't they go get another lawyer? |
| Petitioners' counsel: | I understand, Your Honor. |
| The court: | Why didn't they come to court or write me a letter and say, "What's going on with my case against me?" I mean, I'm in the phone book. I'm not hard to find. . . . But no contact at all. Nothing. Except the occasional appearance by Ms. Schamberger, and then that fell off. |
| Petitioners' counsel: | Your Honor, if I may. I understand that the Court is extremely upset about this situation. However, my clients were also upset about the situation. And I have e-mails where Ms. Schamberger is taking them to task for contacting her too frequently, where they are told that they cannot – that they should not be bothering her so much – |
| The court: | Yeah. Well I can't help that, okay? |
| Petitioners' counsel: | . . . My clients honestly did not know what to do. When they received these letters, what they did was they went back to Ms. Schamberger and said, "What are we going to do?," and they begged her to represent them again because they did not understand what she had done. I cannot help any more than any attorney can that their clients are stupid. |

Based upon our review of the appendix record, we find that the circuit court did not abuse its discretion in failing to vacate, or otherwise deem void, its orders dated August 27, 2012, September 6, 2012, and March 26, 2013.

In their third assignment of error, petitioners allege that the circuit court abused its discretion in denying the relief requested by petitioners pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. In our evaluation of the May 14, 2014 order,[9] we find that the circuit court did not abuse its discretion in ruling that petitioners failed to proffer sufficient evidence of good cause justifying relief from judgment under Rule 60(b).

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 14, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[9]While petitioners do not limit their request for arrest in judgment to only the May 14, 2014, order, we limit our evaluation of petitioners' claims to only this order. As discussed hereinabove, the May 14, 2014, order is the only order from which petitioners can properly seek relief pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.