# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In re: Special Services Bureau, Inc.**
**d/b/a Regional Bonding Co.,**
**Plaintiff Below, Petitioner**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 19-0365** (Berkeley County 18-P-121)

## MEMORANDUM DECISION

Petitioner Special Services Bureau, Inc. d/b/a Regional Bonding Company ("Special Services Bureau"), by counsel Gregory E. Kennedy and Landon S. Moyer, appeals the order of the Circuit Court of Berkeley County, entered on March 15, 2019, denying its motion for relief from judgment. The final order from which petitioner seeks relief, entered on December 4, 2018, denied petitioner's amended petition to renew its authority to conduct bail bonding activities in the 23rd Judicial Circuit.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2018, John Orem, then the principal and an agent of Special Services Bureau, petitioned the Circuit Court of Berkeley County for renewal of Special Services Bureau's authorization to engage in the bail bonding business in the 23rd Judicial Circuit. According to the petition, Sher Orem (John Orem's wife) and another individual also were agents of Special Services Bureau. The circuit court conducted an initial hearing on the petition on August 27, 2018. The appendix record on appeal does not contain the order scheduling the hearing, but it is apparent from the transcript that the circuit court had ordered Mr. Orem to submit to drug testing, and that Mr. Orem had not done so. In October of 2018, the circuit court entered an order directing Mr. Orem to refrain from the bail bonding business pending resolution of Special Services Bureau's renewal petition.

Special Services Bureau amended its petition for renewal of its authorization to engage in the bail bonding business, naming Sher Orem as its principal and omitting John Orem from its list of agents and from any apparent association with the business. At a subsequent hearing, Special Services Bureau, by counsel, represented that Ms. Orem was its "president, vice-president, treasurer, secretary, and agent for service of process" and was the sole owner of Special Services Bureau stock. At this hearing, the circuit court asked Ms. Orem about a bond she wrote a few weeks prior, while accompanied by Mr. Orem, before a Berkeley County magistrate judge. Ms.

1

Orem testified in response: ". . . It's not something that's familiar for me so I was nervous and I had asked him to come with me to make sure I was doing everything properly because, you know, I was nervous." Ms. Orem testified that she was not aware that the court had ordered her husband to abstain from the bail bonding business. The circuit court called upon the magistrate judge's assistant, who testified that Mr. Orem hid from her sight while Ms. Orem waited for the assistant to grant access to the office. Ms. Orem denied that she deceived the magistrate court. The court also explained that when Ms. Orem wrote the bond before the magistrate court, she submitted a power of attorney (as requested by the magistrate judge) signed by her husband. The magistrate judge's assistant testified that Mr. Orem instructed his wife how to complete the bond.

On December 4, 2018, the circuit court entered a final order denying the petition to renew Special Services Bureau's authority to engage in the bonding business in the 23rd Judicial Circuit. The court found that neither Mr. nor Ms. Orem were of "good moral character," and it wrote that it was unable to find that Ms. Orem was sufficiently removed from Mr. Orem "to not do what he directs her to do." The court also found that Mr. Orem transferred control of Special Services Bureau to Ms. Orem to avoid Mr. Orem's submission to drug testing. The court did, however, find that Ms. Orem was sufficiently financially responsible.

Special Services Bureau filed a motion for relief from judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, based on "newly-discovered evidence" in the form of office surveillance video showing that Mr. Orem was visible to the magistrate judge's assistant prior to the assistant's granting the Orems access to the office. The circuit court conducted a hearing on that motion in February of 2019. The evidence presented included the video recording, and a proffer that the power of attorney in question was a form document pre-printed with Mr. Orem's signature in 2015 as president of Special Services Bureau. However, it was Ms. Orem who signed the power of attorney as the "executing agent" in completing the bond documents.

On March 15, 2019, the circuit court entered the order that is the subject of this appeal, denying the motion for relief from judgment. In its order, the court struck its earlier findings that Ms. Orem concealed Mr. Orem's presence when entering magistrate court and that Ms. Orem was "working in concert" with her husband to conceal his identity from the magistrate judge's assistant. However, the circuit court ratified its earlier findings that Mr. Orem had continued to engage in the bail bonding business after having been instructed not to do so, and that Ms. Orem was not of good moral character. We review Special Services Bureau's appeal, arising as it does from the circuit court's denial of its motion for relief from judgment, according to the following standard:

> "A motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syllabus point 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974).

Syl. Pt. 1, *Jividen v. Jividen*, 212 W. Va. 478, 575 S.E.2d 88 (2002).

Special Services Bureau asserts six assignments of error[1], all of which may fairly be encompassed in the consideration of a single question: Did the circuit court abuse its discretion in denying Special Services Bureau's motion for relief from judgment? Importantly, "'[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.' Syllabus point 3, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974)." Syl. Pt. 3, *Jividen*, 212 W. Va. 478, 575 S.E.2d 88. The relevant inquiry is whether the circuit court utilized appropriate discretion when considering whether Special Services Bureau had demonstrated the need for relief based on any of the factors set forth in Rule 60(b). Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Special Services Bureau argues that it presented the circuit court with "newly-discovered evidence" in the form of office surveillance video that firmly discredited the testimony of the magistrate court assistant who testified that Mr. and Ms. Orem deceived the magistrate court in order to receive access to the magistrate court office. The court found Ms. Orem—Special Services Bureau's principal—lacking in "good moral character" upon receiving this testimony and the assistant's testimony that Mr. Orem continued to engage in bail bonding, and Special Services Bureau argues that the basis for these findings is now proven unreliable. We note, however, that the circuit court founded its determination on other considerations. Namely, the circuit court found Ms. Orem's testimony that she was unaware that her husband was prohibited from engaging in bail bonding unreliable. The court also stood by its finding that Mr. Orem attempted to engage in bail bonding when he accompanied

---

[1] Special Services Bureau argues that the circuit court erred in denying its motion for relief from judgment, finding that Ms. Orem is not of good moral character, finding that Mr. Orem engaged in the bonding business in violation of the circuit court's order, failing to consider another circuit court's order finding that Ms. Orem was of good moral character, incorporating language in the final order that was not proposed by Special Services Bureau, and in entering an order on October 3, 2018, suspending Special Services Bureau's authority to engage in bail bonding. We consider each of the first four assignments of error insofar as they are interlaced with the circuit court's consideration of the newly-discovered evidence described in the body of this decision. The fifth assignment of error, however, we reject outright because a circuit court has absolute authority in the formulation of its orders, even when considering an order proposed by a party. The sixth assignment of error we reject outright as outside the scope of Rule 60(b) consideration.

3

Ms. Orem to magistrate court, and noted that Ms. Orem was aware at the time that he was doing so. There remaining some valid basis for the circuit court's determination that Special Services Bureau's agent lacked good moral character, we find that the circuit court did not abuse its discretion in denying the motion for relief from judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISSENTING:**

Justice John A. Hutchison