# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ALLY BANK,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-124**          (Cir. Ct. of Nicholas Cnty. Case No. CC-34-2023-C-80)

**DALTON C. WEBB,**
**Defendant Below, Respondent**

**FILED**
**February 28, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ally Bank appeals the Circuit Court of Nicholas County's March 4, 2024, order vacating its December 26, 2023, default judgment order and dismissing the case. Respondent Dalton C. Webb did not participate in this appeal.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law but finds some error in the lower tribunal's decision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision.

On December 16, 2021, Mr. Webb executed and delivered to King Coal Chevrolet a Retail Installment Sale Contract – Simple Finance Charge ("Contract") for the purchase of a 2016 Chrysler 300S ("Vehicle"). The Contract was assigned to Ally Bank. The Contract contained a security agreement granting Ally Bank a security interest in the Vehicle. Mr. Webb defaulted by failing to pay as agreed and Ally Bank accelerated the amounts due under the Contract. On October 24, 2023, Ally Bank filed a lawsuit to enforce its security interest and, in its complaint, demanded a judgment for possession of the Vehicle.[2]

On October 31, 2023, Mr. Webb was served with the summons and complaint demanding possession, but did not file an answer or otherwise respond. In December 2023,

---

[1] Ally Bank is represented by Riley A. Rogers, Esq., and Thomas L. Canary, Jr., Esq.

[2] Ally Bank also demanded a judgment for monetary damages related to depreciation in the value of its collateral. Ally Bank did not demand judgment for the outstanding balance due under the Contract.

1

Ally Bank filed a default judgment motion demanding judgment for possession of the Vehicle. On December 26, 2023, the circuit court entered an order granting a default monetary judgment against Mr. Webb in the amount of the unpaid balance ($26,344.80) and denying Ally Bank's demand for possession stating that relief in the form of possession was overly broad. The circuit court explained further: "This Court can grant default judgment. However, the Plaintiff will have to avail itself of any further relief in aid of execution of the judgment pursuant to West Virginia Law."

On February 6, 2024, Ally Bank filed a motion to vacate the December 26, 2023, order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.[3] On March 4, 2024, the circuit court vacated the December 26, 2023, order as requested in Ally Bank's Rule 60(b) motion but instead of entering a default judgment for possession, the circuit court dismissed Ally Bank's case. In the March 4, 2024, order, the circuit court wrote:

> Plaintiff attempts to cause this Court and the Sheriff's Department to engage in collection efforts where a creditor's rights [sic] to obtain a money judgment and various methods to collect on a money judgment are clearly set forth in West Virginia Code.
>
> Plaintiff attempts to bypass these methods and have this Court seize personal property. This Court declines. Therefore the judgment order entered against the Defendant is vacated and this case shall be dismissed.

Ally Bank appeals the circuit court's March 4, 2024, order.[4]

We apply the same standard of review as the Supreme Court of Appeals of West Virginia ("SCAWV"). "A motion to vacate a judgment made pursuant to Rule 60(b), W.Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler v. Shelton,* 157 W. Va. 778, 204 S.E.2d 85 (1974); Syl. Pt. 1, *Kerner v. Affordable Living, Inc.,* 212 W. Va. 312, 570 S.E.2d 571 (2002) (per curiam).

---

[3] The West Virginia Rules of Procedure were recently revised, effective January 1, 2025, but these revisions were not in place at the time of the underlying circuit court proceedings.

[4] Ally Bank did not appeal the December 26, 2023, default judgment order and our review is limited to the March 4, 2024, order denying Ally Bank's Rule 60(b) motion. *See* Syl. Pt. 2, *Kerner v. Affordable Living, Inc.,* 212 W. Va. 312, 570 S.E.2d 571 (2002) (per curiam) (quoting Syl. Pt. 3, *Toler v. Shelton,* 157 W. Va. 778, 204 S.E.2d 85 (1974)) ("An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.").

Ally Bank raises three assignments of error: (1) the circuit court abused its discretion by entering a personal default money judgment even though Ally Bank demanded different relief in its complaint; (2) the circuit court abused its discretion by refusing to grant Ally Bank a judgment for possession of its collateral as permitted by West Virginia Code §§ 46-9-601(a)(1) (2006) and 46-9-609(a)(1), (b)(1) (2000); and (3) the circuit court abused its discretion by dismissing Ally Bank's action without citing a proper factual or legal basis.

In its first assignment of error, Ally Bank asserts that the circuit court should have granted its Rule 60(b) motion and vacated the December 26, 2023, default monetary judgment order because it was void. *See* W. Va. R. Civ. P. 60(b)(4) (1998). We find that this assignment of error is moot because, in the March 4, 2024, order on appeal, the circuit court granted Ally Bank's Rule 60(b) motion and vacated the December 26, 2023, order. As no party has challenged the circuit court's decision to vacate the December 26, 2023, order, we affirm the circuit court's March 4, 2024, order in part, to the extent it vacated the December 26, 2023, order.

Ally Bank contends, in its second assignment of error, that the circuit court relied on incorrect conclusions of law and erroneously refused to grant a judgment for possession of the Vehicle. In its third assignment of error, Ally Bank asserts that the circuit court abused its discretion in dismissing the case because the legal authority cited by the circuit court was incorrect and there was no other justification for case dismissal. We agree.

In dismissing the case, the circuit court reasoned that Ally Bank was attempting to cause "the Court and the Sheriff's Department to engage in collection efforts" even though "a creditor's rights [sic]" are "clearly set forth in [sic] West Virginia Code." We find that the circuit court's reasons for dismissal rely on an incomplete assessment of a secured creditor's statutory right to possession of its collateral.

Pursuant to West Virginia Code §§ 46-9-601 et seq., a secured party is authorized to gain possession of its collateral by any of the following cumulative means: (1) as agreed to by the parties; (2) self-help repossession, if it can be accomplished without a breach of the peace; (3) statutory action for immediate possession (detinue action pursuant to West Virginia Code § 55-6-1 et. seq.); (4) filing a lawsuit demanding judgment for possession of its collateral; and (5) statutory execution proceedings following the entry of a monetary judgment. *See* W. Va. Code §§ 46-9-601(a)(1) (2006), 46-9-609(a)(1), (b)(1) (2000). Without citing any applicable statutes or other legal authority, the circuit court concluded that Ally Bank must first obtain a monetary judgment and then proceed against its collateral through statutory post-judgment execution proceedings. We acknowledge that obtaining a monetary judgment and filing execution proceedings is one permissible way for a secured creditor to proceed against its collateral, but it is not the only way. *Id.* A secured creditor may choose how to proceed against its collateral and Ally Bank chose to gain possession of the Vehicle by filing a lawsuit demanding judgment for possession – a permissible option. We find that Ally Bank was not prohibited from demanding a judgment for

possession of the Vehicle and was not required to first obtain monetary judgment. We also find that the circuit court erroneously dismissed the case and that the circuit court was not prohibited from entering a default judgment for possession of the Vehicle.

For the foregoing reasons, we find that the circuit court properly vacated the default monetary judgment order, but we also find that the circuit court erroneously dismissed Ally Bank's action for possession.

Accordingly, we affirm the portion of the March 4, 2024, order vacating the December 26, 2023, default judgment order and we reverse the portion of the March 4, 2024, order dismissing the case. The case is remanded to the Circuit Court of Nicholas County for further proceedings consistent with this decision.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** February 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4